# LIVELY v. ATCHLEY.
# CLEM v. ATCHLEY.—256 S. W. (2d) 58.

Eastern Section. November 19, 1952.

Petition for Certiorari denied by Supreme Court, March 6, 1953.

Graham & Van Deveer and Ray L. Brock, Jr., all of Chattanooga, for plaintiffs in error.

Kefauver, Duggan & Miller, of Chattanooga, for defendant in error.

McAMIS, J. Mary Helen Lively, a minor suing by next friend, brought this action against Chester Atchley for damages growing out of personal injuries sustained when the car owned and operated by Atchley, in which plaintiff was riding, overturned at a highway intersec-

tion in Hamilton County, Tennessee. Mrs. E. L. Clem, mother of Mary Helen Lively, instituted a companion suit to recover for loss of services and hospital and medical expenses incurred in the treatment of Mary Helen Lively. The two cases were tried together and resulted in a verdict in each case for defendant. Motions for a new trial were made and overruled and plaintiffs have prosecuted appeals in error to this court. Since the action of Mrs. Clem depends upon the determination of the companion suit of Mary Helen Lively, it will not be necessary to refer to the action of Mrs. Clem.

In her declaration Mary Helen Lively alleged that while riding as a guest of the defendant along the approach road leading from Chicamauga Dam to U. S. Highway No. 58, defendant so carelessly and negligently operated his automobile that when he attempted to turn from the approach road into Highway 58 he lost control of the car and it proceeded on across Highway 58 and turned over several times down a 20-foot embankment. It was specifically charged that the defendant was driving at an excessive rate of speed and did not have his automobile under proper control.

The defendant filed a plea of the general issue and, under order of the court made upon motion of the plaintiff, special pleas were also filed admitting that plaintiff was riding as a guest in defendant's automobile on the occasion in question but denying that the automobile was operated in a careless or reckless manner, or at an excessive rate of speed as charged in the declaration, and averring that the accident was caused by a mechanical defect in the automobile of which the defendant had no previous knowledge. The defendant failed to plead, eo nomine, that the plaintiff was guilty of proximate contributory negligence but averred that the plaintiff was

at all times aware of the manner in which the car was being operated and made no protest at any time.

The proof shows that the defendant and a companion, Roy Marlow, at about 12:30 A. M. May 30, 1951, invited plaintiff and Mrs. Lora Anderson to drive with them to Chicamauga Dam for the purpose of visiting a restaurant there. When they reached the restaurant they found it closed and were returning to Chattanooga when the accident occurred.

The record shows that Highway 58 runs generally north and south and that the approach road leading from the restaurant divides into two separate approaches at a point approximately 200 feet from the Highway. According to the evidence accredited by the jury and which we are required to accept as true, defendant approached the intersection at a moderate speed of approximately 35 miles per hour and was giving proper attention to the operation of the car. When he was within 15 or 20 feet of Highway 58, he applied his brakes. There was loose gravel on the pavement of Highway 58 and when he applied his brakes the left front wheel "locked", causing the car to skid on the loose gravel, and veer slightly to the left, and causing him to lose control, as a result of which the car proceeded across Highway 58 and down a 20-foot embankment. According to defendant's evidence Highway 58 was only 25 or 30 feet in width.

Plaintiff herself testified that until defendant reached the approach to the intersection he had been driving carefully and at a moderate rate of speed; that, at the time of the accident, defendant stated that the "brakes locked on him and he had brake trouble"; that "when he started to apply the brakes he couldn't stop and went right straight on across"; and that he said he lost control of the car.

Defendant testified that when he applied his brakes at the approach to Highway 58 the left front wheel grabbed and "when it grabbed, why it turned sideways in some gravel, and then we went into a slide"; that when the left front wheel "locked" he lost control of the car and it went across Highway 58 and over the embankment out of control. He further testified, without objection, "if my brakes had performed right it would never have happened" and that the brakes had worked perfectly until they were applied at the intersection.

█ We think, under the evidence outlined, it was within the province of the jury to say whether or not the defendant was guilty of negligence.

In Coppedge v. Blackburn, 15 Tenn. App. 587, a case involving the liability of the owner of an automobile for injuries to a passenger caused by a blowout of a tire, it was held that where the automobile is being operated with reasonable care and caution, the owner is not liable to a guest for injuries resulting from a defect of which he had no knowledge. To the same effect see Smith v. Fisher, 11 Tenn. App. 273; Sloan v. Nevil, 33 Tenn. App. 100, 229 S. W. (2d) 350.

Cases elsewhere are in accord. In Helton v. Prater's Adm'r, 272 Ky. 574, 114 S. W. (2d) 1120, 1124, involving the liability of the driver of a truck for the death of a guest, the court said that the trial court should have instructed the jury to find for the defendant if they believed from all the evidence that the accident resulted from some defect in the truck, causing one of the wheels to lock and the truck to turn over, provided they believed from the evidence that such defect, if any, was unknown to the defendant, since "One who invites another to ride in his automobile is not bound to furnish a vehicle free from defects". Because of this omission

from the charge, the case was reversed and remanded for a new trial.

In Ferry v. Holmes & Barnes, 12 La. App. 3, 124 So. 848, it appears that the host driver had experienced difficulty with his brakes jamming and had taken his car to a garage for repair. Later, he received the car with assurances that the difficulty had been removed and drove approximately 100 miles before having difficulty, but when he attempted to stop the brakes locked again causing the car to overturn and injure a guest. The cause of the guest's injuries was held to be the result of an accident and not of any negligence on the part of the host.

Another case, not unlike the present, was Rowley v. Reynolds, 240 App. Div. 751, 265 N. Y. S. 867, affirmed at 265 N. Y. 489, 193 N. E. 284. In that case the automobile guest brought an action to recover for injuries sustained when the car ran into a concrete abutment as a result of the locking of the hand brake. No knowledge by the driver of any defect in the car previous to the accident was shown, the only evidence being that as the car was proceeding at the rate of about 25 miles per hour there occurred an unusual clicking noise and the car swerved to the right. The driver thereupon grabbed the steering wheel with all force to keep the car on the road. A judgment based upon a jury verdict for the plaintiff was reversed, the court holding that the evidence was insufficient to justify a finding of negligence in the driver of the car.

In Clark v. Parker, 161 Va. 480, 171 S. E. 600, the court adopted the general rule that one invited to ride in an automobile by the owner or driver accepts the machine of his host as he finds it, subject only to the limitation that the driver or host must not, by his negligence,

contribute to an injury to the guest. For text statement, see 5 Am. Jur., Automobiles, Sections 252 and 254.

 Conceding without deciding, that res ipsa loquitur applies when it is shown that an automobile leaves the highway out of control, in this case the doctrine cannot be applied to overturn the verdict of the jury in view of the explanation of a mechanical defect offered by defendant and established by credible evidence. We cannot say, as a matter of law, that defendant could not have lost control of the car because of this particular defect or that the defect was not the proximate cause of the car going over the embankment. These were matters for jury consideration.

 The final question raised by the assignments is that the court erred in charging the jury on the question of contributory negligence in the absence of a special plea raising that defense. We have referred to the fact that defendant failed to plead contributory negligence eo nomine but that he did aver in his special plea that plaintiff made no protest of the manner in which he was operating the car prior to the accident. We think this was sufficient to warrant the charge. Code Section 8767, invoked by plaintiff to compel defendant to plead his defenses specially, is held to be peremptory, Creekmore v. Woodard, 192 Tenn. 280, 241 S. W. (2d) 397, 398, but the statute only requires that a defendant required to plead his defenses specially "shall state the facts relied on, truly, and briefly as may be * * *." It does not require a defendant to couch his defenses in legal terminology. In the case of a guest, in the absence of a showing that he actively interfered with the operation of the vehicle, it is difficult to see how he could be guilty of contributory negligence otherwise than in failing to warn the driver of an impending danger or pro-

test against the manner of operation. The defendant in this case chose only to rely upon the failure to protest. Evidence was introduced to support that defense without objection, the plaintiffs apparently accepting the special plea as raising that defense.

We find no error and it results that the assignments are overruled and the judgment affirmed with costs.

Hale and Howard, JJ., concur.