W. N. (NAUL) HAMMONDS, Plaintiff-in-Error, v. HELEN MANSFIELD, Defendant-in-Error.

W. N. (NAUL) HAMMONDS, Plaintiff-in-Error, v. WALTER W. MANSFIELD, Defendant-in-Error.

WALTER W. MANSFIELD, administrator of the Estate of EVA MAY MANSFIELD, Plaintiff-in-Error, v. W. N. (NAUL) HAMMONDS, Defendant-in-Error.
—296 S. W. (2d) 652.

Western Section. April 22, 1955.

Petition for Certiorari denied by Supreme Court August 2, 1955.

516

518

J. Paul White, Union City, for Walter W. Mansfield and others.

Fenner Heathcock, Tom Elam, Union City, for W. N. Hammonds.

CARNEY, J. These three cases which were tried together come from the Circuit Court of Obion County, Tennessee, and arose out of an accident which occurred at the Lindenwood School in Obion County on Hallowe'en night, October 31, 1952.

Lindenwood School is located about three miles north of Union City, Tennessee, on a county gravel road which runs east and west. The schoolhouse faces north and the steps of the school are about 123 feet south of the county gravel road. There is a gravel driveway which runs in a southwestern direction from the county gravel road down to the schoolhouse steps making a circle in front of the steps.

The driveway slopes to the schoolhouse steps and is from 10 to 14 feet wide. The schoolhouse steps are located 7 feet south of the driveway—this 7-foot space is gravelled for a walkway but not usually travelled by cars.

The schoolhouse has a concrete porch 9 feet 9¾ inches wide north and south and 20 feet 4 inches long east and west. Leading up to the schoolhouse porch from the driveway are four steps 10 feet wide. The first step is from 3 to 5 inches high, the second step is 6¼ inches high, the third step is 6¼ inches high, and the fourth step is 6¼ inches high.

There was a community Hallowe'en party being held at the schoolhouse on the night in question and the defendant, W. N. (Naul) Hammonds and his wife, Mrs.

Hammonds, drove to the schoolhouse in their automobile to attend the party. There were a number of cars parked along the driveway. Mr. Hammonds came slowly down the driveway toward the steps where he intended to let his wife out of the car and his purpose was then to drive on around the circle and park at some convenient place without blocking the entrance to the steps.

As the Hammonds car approached the schoolhouse steps driving slowly in a southwesterly direction the plaintiffs, Walter W. Mansfield, his wife, Mrs. Helen Mansfield and his mother Mrs. Eva May Mansfield, were in the act of walking up the schoolhouse steps. They were on the second or third step when the Hammonds automobile drove into or against the steps striking and injuring Mrs. Helen Mansfield and her mother-in-law, Mrs. Eva May Mansfield from behind.

Mrs. Eva May Mansfield sustained a broken leg and Mrs. Helen Mansfield's left leg was completely crushed and her injuries were of a much more serious nature than those sustained by Mrs. Eva May Mansfield.

The Mansfields did not see the Hammonds car but Hammonds, immediately before running into the steps, did yell or holler for them to watch out or look out but not in time to prevent the accident.

Damage suits were filed by the wife, Mrs. Helen Mansfield, and by her husband, Walter W. Mansfield individually and a third suit by Walter W. Mansfield as the administrator of his mother, Mrs. Eva May Mansfield who had died on May 11, 1953 following the accident on October 1952.

The declarations were in three counts. The First Count alleged that Mr. Hammonds was guilty of common-law negligence.

The Second Count alleged violation of Cold secs. 2681 and 2682 as follows:

"2681. Reckless driving.—Any person who drives a vehicle upon a highway recklessly, or at a speed, or in a manner so as to endanger, or be likely to endanger life, limb or property of any person, shall be guilty of reckless driving."

"2682. Lawful speed: reckless driving: starting, stopping, or turning.—(a) Any person driving a vehicle on a highway shall drive the same at a careful speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing. Any person who shall drive any vehicle upon a highway at such a speed as to endanger the life, limb, or property of any person, or so as to unnecessarily block, hinder or retard the orderly and safe use of the highway by those following, or so as to cause congestion on the highway, shall be prima facie guilty of reckless driving. * * *

"(c) Reckless driving within the meaning of this sec. shall be deemed to include the following offenses, which are expressly prohibited:

"First: Driving a vehicle when not under complete control, or with inadequate or improperly adjusted brakes. * * *

"Sixth: Exceeding a reasonable speed under the circumstances and traffic conditions obtaining at the time. * * *

"Thirteenth. Coasting or operating motor vehicle with the gears in neutral."

The Third Count alleged a violation of Code sec. 2695 as follows:

"2695. Lights; brakes; emergency parts.—B. (a) Brakes. Brake equipment required.

"1. Every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two (2) separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two (2) wheels.

If these two (2) separate means of applying brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two (2) wheels. * * *

"(b) Performance ability of brakes.

"1. The service brakes upon any motor vehicle or combination of vehicle shall be adequate to stop such vehicle or vehicles when travelling twenty (20) miles per hour within a distance of thirty (30) feet when upon dry asphalt or concrete pavement surface free from loose material where the grade does not exceed 1 per cent.

"2. Under the above conditions the hand brake shall be adequate to stop such vehicle or vehicles within a distance of fifty-five (55) feet and said hand brake shall be adequate to hold such vehicle or vehicles stationary on any grade upon which operated.

"3. Under the above conditions, the service brakes upon a motor vehicle equipped with two-wheel brakes only, and when permitted hereunder, shall be adequate to stop the vehicle within a distance of forty (40) feet and the hand brake adequate to stop the vehicle within a distance of fifty-five (55) feet.

"4. All braking distances specified in this section shall apply to all vehicles mentioned, whether such vehicles are not loaded or are loaded to the maximum capacity permitted under this act.

"5. All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle."

The defendant pleaded the general issue; contributory negligence; and that the accident was unavoidable insofar as the defendant Hammonds was concerned.

The defendant's main defense was that his car was equipped with hydraulic brakes and that a particle of grit or sand became lodged in the master cylinder causing the brakes to completely fail at the time of the accident. He further contended that he had no prior knowledge that the brakes were defective and that he had no reason to anticipate that the grit would become lodged in the cylinder causing the brakes to fail and that it was impos-

sible for him to have prevented such from occurring and that the accident was truly unavoidable on his part.

The jury awarded a verdict of $17,000 in favor of the plaintiff, Helen Mansfield, for personal injuries and a verdict of $3,000 in favor of the plaintiff, Walter W. Mansfield, who was not injured in the collision and who sued for loss of services, hospital and doctor bills.

The jury returned a verdict of only $500 in favor of the plaintiff, Walter W. Mansfield, administrator of his mother's estate.

The defendant, Hammonds, has appealed in error from the judgments of $17,000 and $3,000 in favor of the wife and husband respectively and the plaintiff, Walter W. Mansfield, has appealed from the judgment of $3,000 in his favor and the plaintiff, Walter W. Mansfield, administrator of the estate of Mrs. Eva May Mansfield, has appealed from the $500 judgment on the grounds of inadequacy.

### Appeal in Error
### by W. Naul Hammonds

We consider first the appeal of the defendant, Hammonds, from the $17,000 judgment and the $3,000 judgment.

Assignments of Error I through IV insist that there was no evidence to sustain the verdict of the jury and that the Trial Judge was in error in failing to grant the defendant's motion for a directed verdict in both cases.

When we review the evidence in the light most favorable of the plaintiffs below, these salient facts stand out: The front of the schoolhouse was lighted; there was at

least one person besides the plaintiffs on the steps or the porch at the time the defendant drove into the school yard; cars were parked on the outside of the driveway but the opening between the front steps and the driveway was clear; the defendant drove slowly down the driveway and instead of staying within the circular driveway, drove his car seven feet off the driveway straight into the steps, injuring the plaintiffs.

Further, it appears that even though he was driving extremely slow and there was nothing to obscure his view of the plaintiffs, when he found that his brakes had completely failed the defendant made no effort to use the hand brake, he made no effort to pump the hydraulic brakes and made no effort to pull or swerve either to the right or left, he kept his foot on the clutch which was pushed in and let the car coast on straight into the steps and struck the plaintiffs with the front of his car. His only effort to avoid the accident was to yell or holler to the plaintiffs to get out of the way.

The defendant contended very strenuously that his hydraulic brakes failed from grit or similar substance getting in the master cylinder. It is true that a new master cylinder was put on the defendant's car after the accident but the mechanic was never able to find any defect in the old cylinder. He replaced it after the defendant insisted that the brakes still did not work properly. There was also testimony by the plaintiff below that Hammonds' car had good brakes after the accident and before it was carried to the repair shop the first time.

■ If we concede for the purpose of this discussion that the defendant Hammonds' hydraulic brakes did fail just as he testified; to wit, that he headed directly toward

the steps slowly and applied his clutch pedal and his brake pedal simultaneously and the brake pedal went all the way to the floor showing that he had no brakes at all; we still think there was ample evidence from which the jury could find that he was guilty of proximate negligence in heading his car straight into the steps instead of following the regular course of the circular driveway and also in failing to make any effort to avoid striking the plaintiffs after he discovered that he had no brakes.

In Lively v. Atchley, 36 Tenn. App. 399, 256 S. W. (2d) 58, the defendant had pleaded that his brakes had locked and the car skidded in loose gravel and turned over. In that case there was a jury verdict in favor of the defendant's contention that he was guilty of no negligence and the Appellate Court approved the judgment based on such jury verdict.

In the Lively case it was held that it was for the jury to say whether or not the defendant was guilty of negligence.

In the case of Purser v. Thompson, 31 Tenn. App. 619, 219 S. W. (2d) 211, the defendant, driver of an automobile, entered a busy intersection and found that his hydraulic brakes would not work and he ran over, and killed, the plaintiff's intestate, a pedestrian. The Court of Appeals held that the case was properly submitted to the jury on the question of negligence on the part of the defendant in failing to apply or attempting to apply the hand brake after he discovered that he could not stop the car with the foot brakes.

In the case at bar, we cannot say that the evidence is so uncontroverted that all reasonable men must come to the conclusion that the defendant was not guilty of

any negligence causing plaintiff's injuries and in our opinion the case was properly submitted to the jury and Assignments of Error I through IV must be respectfully overruled.

Assignments of Error V, VI, and VII raise the question as to whether or not the Highway Code and Motor Vehicles Statutes, Code secs. 2681, 2682, and 2695, applied to the defendant, Hammonds', car while being operated on the Lindenwood school grounds.

The defendant, Hammonds, contends that those statutes relating to reckless driving of automobiles and requiring adequate equipment including adequate brakes did not apply to the Hammonds' car while on the school grounds and that the circular drive on the school grounds was not a highway within the meaning of the statute. With this contention, we respectfully disagree. In our opinion, a public roadway leading from a county gravel road to a county schoolhouse and travelled by the public is clearly within the statutes relating to the regulation of the operation of motor vehicles.

Title VIII of the Code of Tennessee is entitled "Highways, Watercourses and Internal Improvements." Chapter III under Title VIII is entitled "Regulations For The Protection Of Life And Property." Article III of Chapter III is entitled "Regulation of Motor and Other Vehicles" and comprises secs. 2681 through 2715 of the Code.

Sec. 2696a of the Code is as follows:

"2696a. Definitions.—The words or terms set out herein when used in this act shall be construed to mean as follows:

"1. 'Road' or 'Highway' all bridges upon, or which form a part of the road, a highway, to be constructed, reconstructed, or maintained.

"2. 'Vehicle'. Any mechanical device suitable for use on highway, except those propelled or drawn by human power or those used exclusively upon tracks.

"3. 'Motor Vehicle.' Any self-propelled vehicle not operated exclusively upon tracks.

\*   \*   \*   \*   \*   \*

"13. 'Highways.' Shall include any trunk line highway, state aid road or other public highway, road, street, avenue, driveway, parkway, or place under the control of the state or federal government, or any political subdivision thereof, dedicated, appropriated or opened to public travel or other use. \*   \*   \*,,

We think Olson v. Sharpe, 36 Tenn. App. 578, 259 S. W. (2d) 867, relied upon by the defendant, Hammonds, is not in point because in that case the accident happened on a road which had not been opened to traffic and was, therefore, not a public highway. In the case at bar the circular driveway at the schoolhouse was opened to and being used by the traveling public especially for automobiles and we think the statutes clearly applied. Hence. the assignments of error must be respectfully overruled.

Assignment of Error VIII complains of the action of the Trial Judge in charging the jury that, if at the time of the accident, the Hammonds' car was without adequate or properly adjusted brakes, Mr. Hammonds was guilty of negligence. The defendant insists that that portion

of the charge was erroneous without a qualification that Mr. Hammonds must have known, or should have anticipated the impending failure of his brakes, before he could be guilty of negligence with respect to such brake failure.

We think this question has been decided adversely to the contention of the defendant in the case of Purser v. Thompson, 31 Tenn. App. 619, 219 S. W. (2d) 211, 213, mentioned above and from said opinion we quote as follows:

"A number of cases are cited by counsel for defendant in support of the rule that, independent of statutory regulations, if the brakes have previously functioned properly but suddenly and without warning fail to function their failure does not, in the absence of knowledge of the defect or of such facts as would have led one in the exercise of due diligence to discover it, impose liability on the operator. One obvious criticism of the rule is that it enables the unscruplous to fabricate a defense. Another is that it relieves the operator of a burden incident to the normal operation of his car and places it upon an innocent person who happened to be unfortunate enough to be within the sweep of the vehicle. We think the statute should be construed to make it an act of negligence per se to operate a vehicle on a public thoroughfare without the required brakes.

"The weight of authority supports the rule that a violation of a statute or ordinance containing specific requirements as to brakes constitutes negligence per se which, if the proximate cause of the injury, will support a cause of action against the violator, Harden v. Harden, 29 Ala. App. 411, 197 So. 94; Womack

v. Preach, 63 Ariz. 390, 163 P. (2d) 280; Smith v. Finkel, 130 Conn. 354, 34 A. (2d) 209; Railway Express Agency v. Standridge, 68 Ga. App. 843, 24 S. E. (2d) 508; Rentschler v. Hall, Ind. App., 69 N. E. (2d) 619; Hassell v. Colletti, La. App., 12 So. (2d) 31; Black v. Ambs, 307 Mich. 644, 12 N. W. (2d) 381; Tysinger v. Coble Dairy Products, 225 N. C. 717, 36 S. E. (2d) 246; Ramirez v. Salinas, Tex. Civ. App., 90 S. W. (2d) 891; Jacklin v. North Coast Transp. Co., 165 Wash. 236, 5 P. (2d) 325; McCoy v. Courtney, 25 Wash. (2d) 956, 172 P. (2d) 596, 170 A. L. R. 603.

"A violation of another provision of the same statute here invoked, requiring the placing of lighted flares, was held to constitute negligence per se by our Supreme Court in Inter-City Trucking Co. v. Daniels, 181 Tenn. 126, 178 S. W. (2d) 756.

"We think when it appeared from the proof that defendant's brakes were inadequate to control the movements of the car as required by statute the burden passed to defendant to convince the jury that the violation of the statute, if unintentional, was consistent with due care on his part in having the brakes inspected and repaired and that the defect existed at the time of the accident wholly without his fault. We cannot say the excuse offered in this case was sufficient as a matter of law. It is true the evidence indicates that the defect was latent and one that an automobile repairman failed to discover ten days before the accident. But we think it was at least a question for the jury as to whether defendant offered a sufficient excuse for his violation of the statute in

view of the fact that a finding was open to the jury that, at the time of the accident, the brakes required pumping in order to exert pressure on the brake drums. The statute is both penal and peremptory in its requirement and one who violates it and causes injury to another should affirmatively remove any imputation of negligence in failing to discover the defect. * * *

■ Therefore, we are of the opinion that this portion of His Honor's charge was correct and the assignment of error is overruled.

We think Assignment of Error IX relating to another portion of His Honor's charge must be overruled for the reasons discussed under Assignment of Error VIII.

Assignment of Error X complains of the action of the Trial Judge in charging the jury on the question of sudden emergency.

In the case of McClard v. Reid, 190 Tenn. 337, 229 S. W. (2d) 505, 508, Mr. Justice Burnett of our Tennessee Supreme Court enunciates the doctrine of sudden emergency as follows:

"Where one is confronted with a sudden emergency without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly if he exercised such care as an ordinarily prudent person would exercise when confronted by a like emergency, he is not liable for an injury which has resulted from his conduct, even though another course of conduct, would have been more judicious or safer or

might even have avoided the injury, as under such circumstances the injury is regarded as an inevitable accident, provided that the defendant is not guilty of some act of negligence which caused the emergency or places him in a position of an emergency. * * *''

■ When we compare the charge as given by His Honor in the instant case on this doctrine with the rule as announced by Justice Burnett, we are of the opinion that His Honor's charge was substantially correct and was not prejudicial to the defendant. Accordingly, Assignment of Error X is overruled.

Assignment of Error XI is as follows:

"The Court erred in refusing to charge defendant's special request No. 1, which was in words and figures as follows:

" 'Where the brakes of an automobile had previously functioned properly, but suddenly failed to respond, their failure does not render the owner or operator guilty of negligence, unless he had knowledge of the defective condition.' "

■ We think this assignment of error is properly overruled because it does not contain a complete statement of the law.

Assignment of Error XII is as follows:

"The Court erred in refusing to charge defendant's special request No. 2, which was in words and figures as follows:

" 'The owner or operator of a car is not liable for injuries suffered by pedestrians by reason of the defective condition of the automobile, in the absence of

proof that he knew or in the exercise of ordinary care should have known of the existence of the defect.' ''

■ We think the matter contained in this special request was substantially covered by the general charge and the assignment is overruled.

Assignment of Error XIII is as follows:

''The Court erred in refusing to charge defendant's special request No. 3, which was in words and figures as follows:

'' 'Where an automobile is being operated with reasonable care and caution, the owner is not liable to a pedestrian for injuries resulting from a defect of which he had no knowledge.' ''

■ We do not think this request embodies a complete statement of the law applicable to the instant case and the assignment is respectfully overruled.

Assignment of Error XIV is as follows:

''The Court erred in refusing to charge defendant's special request No. 4, which was in words and figures as follows:

'' 'The sudden breaking or failure of a part of an automobile does not imply negligence.' ''

■ We think the essence of this special request was substantially covered in the general charge and see no prejudicial error in the failure of His Honor to charge this particular request.

Assignment of Error XV relates to the refusal of His Honor to charge special request No. 5. This special request No. 5 is a literal quotation from the opinion of

Mr. Justice Burnett in McClard v. Reid, supra, which we have copied above under Assignment of Error X. As we stated above this was sustantially covered under the general charge and the assignment is overruled.

Assignments of Error XVI, XVII, and XVIII assail the action of the Trial Judge in refusing defendant's special request Nos. 6, 7, and 8. From a reading of His Honor's entire charge to the jury, we are of the opinion that it sufficiently covered the contents of these special requests and the assignments are respectfully overruled.

Assignment of Error XIX complains of the action of the Trial Court in permitting the plaintiff husband, Walter W. Mansfield, to estimate his expenses at $5 per day for the 131 days he was in Memphis attending his wife who was in the hospital. The jury were informed that this figure was an estimate and were at liberty to fix the amount at a less figure if they thought proper. We do not think that the fact that the plaintiff kept no itemized statement of his expenses should bar him from a recovery of any amount and we think the Trial Judge was correct in permitting him to make an estimate. This estimate was subject to cross-examination and affirmative proof to the contrary if the defendant had sought to produce the same. Hence, the assignment of error must be overruled.

Assignment of Error XX complains of the action of the Trial Court in permitting the husband to testify that his wife helped with feeding the livestock at home. We think the allegation of the plaintiff's declaration that his wife performed household services was sufficiently broad in this case to cover a claim for loss of services for assisting the husband with his duties around the barn;

especially since the defendant was also a farmer of the same community and knew in general terms the plaintiff's mode of living. We find no reversible error in the action of the Trial Judge and the assignment of error is overruled.

Assignments of Error XXI and XXII complain of the action of the Trial Court in permitting the witnesses, Mrs. Malcom Sadler and Mr. Malcom Sadler, to testify in rebuttal that the defendant, Hammonds, at the hospital soon after the accident told Mr. and Mrs. Sadler that he did not know what happened, his brakes must have failed. The defendant insists that this was not competent as substantive proof because it was offered in rebuttal and was not competent for impeachment purposes because the questions were improperly framed.

It does not appear to us that the admission of this statement affected the outcome of the trial and the assignments of error are overruled. Code sec. 10654.

Assignments of Error XXIII complains of the action of the Trial Court in permitting the witness, Haynes Crowell, to answer a hypothetical question relating to defective hydraulic brakes which the attorneys for the defendant insisted was leading and suggestive. We think the matter rested within the sound discretion of the Trial Judge and we see no abuse of that discretion and see no prejudice to the appellant in the action of His Honor. Accordingly, the assignment of error is overruled.

Assignment of Error XXIV insists that the $17,000 verdict of the jury in favor of Helen Mansfield was excessive. The testimony of Dr. Latimer is to the effect that

when he saw Mrs. Mansfield at the hospital in Union City, her left leg was terribly crushed and torn with the bone sticking out of the flesh, the skin and muscles were terribly torn and all indications were that she would lose the leg. However, he testified that he felt some pulsation in her foot indicating some blood supply and he sent her on to Campbell's Clinic in Memphis after giving first aid and making temporary splints, etc.

At Campbell's Clinic, Mrs. Mansfield underwent some eleven operations, she was in the hospital a total of 131 days and among these operations were several skin grafts and at least one bone graft. The proof is to the effect that she has large scars about her body where skin was taken to make the grafts on her leg and the sizes of these places from which the skin was taken were shown to be 4″ by 4″, 6″ by 3½″, 9″ by 4″, and 6″ by 3½″. The proof is that all of these skin graft operations are very, very painful. Dr. Latimer testified at the time of the trial in May, 1954, Mrs. Mansfield was wearing a long cumbersome brace on her left leg that reached high upon her thigh. Her left leg was considerably smaller than the right leg. A considerable portion of the muscle in the calf of her left leg was gone and there were three areas still draining. Dr. Latimer also testified that the leg "looks terrible."

He further testified that she was barely able to put any weight on this left leg and that the left leg was of very little use to her at the present time and that she was just learning to walk again, the right leg being weak from non-use. Dr. Latimer further testified that the left leg would be much more susceptible to being broken again because of the injury she had sustained and that there is

always a possibility of a chronic infection setting up in one of more places that were still draining at the time of the trial.

The jury saw and observed the plaintiff upon the stand and set the damages at $17,000. The Trial Judge, who also heard and saw all the evidence, approved the verdict. From our review of the record in this case, we cannot say that the verdict appears to be excessive and should be reduced. Hence, the Assignment of Error XXIV is hereby overruled.

The judgments of $17,000 and $3,000 in favor of Mrs. Helen Mansfield and in favor of Mr. Walter W. Mansfield are affirmed.

Appeals in Error of
Walter W. Mansfield, Individually
and as the Administrator of the Estate
of Mrs. Eva May Mansfield, Dec'd

As stated above, the plaintiff, Walter W. Mansfield, appealed in error from the judgment of $3,000 in his favor for medical expenses, loss of services, etc., and from the judgment of $500 in his favor as administrator of the estate of his deceased mother, Mrs. Eva May Mansfield.

He had made as assignments of error in each case the following:

1. "The evidence preponderates against the amount of verdict in the cause."

2. "Because the verdict is entirely inadequate according to the evidence."

■ In our opinion, we, as an appellate court, would have no authority to review or weigh the evidence to determine that the evidence preponderates against the amount of the verdict or to determine whether the verdict is entirely inadequate according to the evidence. Phillips v. Newport, 28 Tenn. App. 187, 208, 187 S. W. (2d) 965; Town of Clinton v. Davis, 27 Tenn. App. 29, 42, 177 S. W. (2d) 848; Board of Mayor and Aldermen v. Moore, 33 Tenn. App. 561, 232 S. W. (2d) 410, 413.

■ In the absence of an allegation of fraud or that the verdict of the jury is so grossly inadequate in comparison with the injuries actually sustained and proven as to evince passion, prejudice or unaccountable caprice on the part of the jury, we cannot review the evidence and reverse the judgments simply because we find the verdict of the jury entirely inadequate or that the evidence preponderates against the amount of the verdict. See Flexer v. Crawley, 37 Tenn. App. 639, 269 S. W. (2d) 598.

Hence, the assignments of error in both cases must be overruled.

■ It follows, therefore, that all of the assignments of error having been overruled, judgment will be entered in this Court affirming the judgments of the lower court in each of the three cases and awarding interest on said judgments from date May 15, 1954, the date of overruling the motion for a new trial in each of said causes.

The costs of the appeal in the case of Helen Mansfield vs. W. N. Hammonds are taxed against the plaintiff-in-error, W. N. Hammonds, and his sureties; the costs of the appeal in the case of Walter W. Mansfield, adminis-

trator vs. W. N. Hammonds are taxed against the plaintiff-in-error, Walter W. Mansfield, and his sureties on his appeal bond; the costs of the appeal in the case of Walter W. Mansfield, individually, against W. N. Hammonds will be taxed one-half against Walter W. Mansfield and his sureties and one-half against W. N. Hammonds and his sureties on his appeal bond.

Avery, P. J. (W. S.), and Bejach, J., concur.