704 S.W.2d 136 (1986)
Vernon Ford McDONALD, Appellant,
v.
Deborah BRENNAN, Appellee.
No. 08-84-00442-CV.
Court of Appeals of Texas, El Paso.
February 5, 1986.
Rehearing Denied March 5, 1986.
*137 Gregory B. Pine, El Paso, for appellant.
Jack Brewster, El Paso, for appellee.
Before WARD, OSBORN and SCHULTE, JJ.

OPINION
OSBORN, Justice.
This appeal is from a take nothing judgment based upon jury answers in a personal injury case arising out of an automobile rear end collision. We affirm.
On February 4, 1983, Vernon McDonald was driving his 1982 Oldsmobile in the parking lot adjoining the Sunland Park Race Track in New Mexico. He was driving about five to ten miles per hour as he looked for a parking space. While proceeding forward, his car was struck in the rear by a 1969 Chevrolet driven by Deborah Brennan. She had just stopped near the grandstand to release a passenger and was proceeding to an exit from the parking lot. She estimated her speed at ten to twenty miles per hour and said when she was about two car lengths from the back of the Oldsmobile, she applied her brakes in a normal manner to reduce her speed. She said the brake pedal went to the floor, but there was no slowing of her car and the front of her automobile hit the back left side of the McDonald Oldsmobile. Both cars sustained extensive damage. The jury made the following findings with regard to the conduct of the two drivers.

 Deborah Brennan Negligence Proximate Cause
Proper Lookout Yes No
Application of Brakes Yes No
Turning No Yes
Speed Yes No
 Vernon McDonald Negligence Proximate Cause
Proper Lookout No Yes
Manner of Stopping No Yes

In issue number three, which was conditionally submitted based upon the jury finding the negligence of both parties to be a proximate cause of the accident, they answered Barbara Brennan "100%" and Vernon McDonald "0%", even though they had not found the negligence of either party to be a proximate cause of the accident.
The Appellant presents seven points of error in which he asserts the proximate cause findings on "lookout," "brakes" and *138 "speed" were established as a matter of law and, in the alternative, that each of the "no" answers on proximate cause was against the great weight and preponderance of the evidence. We pass on these issues under rules set forth in Garza v. Alviar, 395 S.W.2d 821 (Tex.1965), and In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).
The net effect of the jury verdict in this case is that the jury found the accident was an unavoidable accident. The court instructed the jury that "`unavoidable accident' means an accident that is not proximately caused by the negligence of any party to it." In this case, the jury failed to find that the negligence of either party proximately caused the accident. Under the holding in Yarborough v. Berner, 467 S.W.2d 188 (Tex.1971) and the subsequent amendment to Rule 277, Tex.R.Civ.P., which prohibits inferential rebuttal issues, there can be no affirmative answer by the jury to express its holding on such a defensive issue, even though it is raised by the evidence and the jury is instructed on the issue in the court's charge. Thus, inferential rebuttal answers result not from affirmative findings, but from a failure to find affirmatively on other issues. See: Herrera v. Balmorhea Feeders, Inc., 539 S.W.2d 84 (Tex.Civ.App.El Paso 1976, writ ref'd n.r.e.).
An unavoidable accident is present when an event occurs which was not proximately caused by the negligence of any party to the event. Yarborough v. Berner, supra; Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952); Hyatt Cheek Builders-Engineers Company v. Board of Regents of University of Texas System, 607 S.W.2d 258 (Tex.Civ.App.Texarkana 1980, writ dism'd). An unavoidable accident can result from weather conditions which cause an accident. Riley v. Crossley, 383 S.W.2d 427 (Tex.Civ.App.Houston 1964, no writ); Blasberg v. Cockerell, 254 S.W.2d 1012 (Tex.Civ.App.Amarillo 1952, writ ref'd n.r.e.). It can result from an obstacle that might obstruct a driver's view. Vergauwen v. Parsons, 294 S.W.2d 863 (Tex.Civ.App.Waco 1956, no writ). It can also result from a mechanical or equipment failure. Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489 (1935); Otto v. Sellnow, 233 Minn. 215, 46 N.W.2d 641 (1951); Lively v. Atchley, 256 S.W.2d 58 (Tenn.App.1952).
In this case, Deborah Brennan filed an affirmative pleading that the incident was an unavoidable accident. She testified that she purchased the car two days before the accident. The prior owner did not advise her that the brakes were defective. Both she and her husband had driven the car without any problems with the brakes. On the day of the accident, she had no problems with the brakes prior to this accident. There was no proof that the brakes did not fail (no skid marks) and no evidence of any test made on the car or inspection of the brake system after the accident. Where the pleadings and the proof raised a fact issue, such inferential rebuttal issue was required to be submitted to the jury by a proper instruction. Yarborough v. Berner, supra.
The effect of the jury's verdict is that the accident was an unavoidable accident. We cannot substitute our opinion for that of the jury and hold that the negligence of Mrs. Brennan was a proximate cause of the accident as a matter of law. The jury apparently chose to believe the evidence as to the failure of the brakes, even though that vital issue could not be affirmatively submitted under the Yarborough holding and Rule 277, Tex.R.Civ.P. Where the case is submitted to the jury, the verdict must be upheld upon any theory that finds support in the evidence. Points of Error One through Seven are overruled.
By way of a cross-point, the Appellee asserts that the appeal should be dismissed because the transcript was not timely filed. The record was due in this court on December 28, 1984. The Appellant filed his first motion for extension of time in which to file the record on December 27, 1984. That *139 motion prayed for an extension of time "for filing record" until January 21, 1985, and was supported by the affidavit of the court reporter that the statement of facts could not be completed until that date. That motion was granted. On January 18, 1985, a second motion for extension of time to file the record was filed with an affidavit of the court reporter requesting an extension until February 11, 1985. That motion was granted. A third motion was filed on February 14, 1985, and supported by an affidavit from the court reporter requesting an extension until February 20, 1985. That motion was granted. The statement of facts was timely filed, but the transcript was not received until February 25, 1985, and on the same date the Court of Appeals received a motion to allow the late filing of the transcript with an accompanying affidavit of a deputy district clerk for El Paso County. An amended motion was filed on March 8, 1985, with an attached affidavit by the same deputy district clerk. That motion was granted.
The Appellant made timely requests for extensions of time to file the record before any filing date expired and fully complied with the requirements of Rule 21c, Tex.R.Civ.P., and the holdings in B.D. Click Company, Inc. v. Safari Drilling Corporation, 638 S.W.2d 860 (Tex.1982), and Chojnacki v. Court of Appeals for the First Supreme Judicial District, 699 S.W.2d 193 (Tex.1985). Rule 371, Tex.R.Civ.P., provides that the record on appeal shall consist of the transcript and, where necessary, the statement of facts. We conclude that the motions for extension of time to file the "record" included both the transcript and the statement of facts. Good cause for the late filing of the statement of facts is a sufficient reason for the late filing of the transcript. Embry v. Bel-Aire Corporation, 502 S.W.2d 543 (Tex.1973). The Appellee's cross-point is overruled.
The judgment of the trial court is affirmed.