## 42196. GRINER v. TUTEN.

ARGUED SEPTEMBER 6, 1966—DECIDED SEPTEMBER 23, 1966—REHEARING DENIED OCTOBER 14, 1966—

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., A. Martin Kent,* for appellant.

*Pierce, Ranitz & Lee, Thomas J. Mahoney, Jr.,* for appellee.

JORDAN, Judge. The plaintiff having proved that the collision occurred in the manner set forth in her petition as quoted above, that is, that the defendant crossed the center line of the highway in violation of *Code Ann.* § 68-1640(a) and crashed head-on into the plaintiff's automobile which was lawfully proceeding in the opposite direction, and it not being affirmatively shown by the plaintiff's evidence that the defendant's violation of this Code section was not intentionally or negligently done, the burden of proof was on the defendant to show that such

action on his part was caused by the act of a third party in striking the rear of his vehicle and was without negligence on his part, as alleged in his answer to the petition. *Cruse v. Taylor,* 89 Ga. App. 611 (1b) (80 SE2d 704). As stated in the *Cruse* case, at p. 615, "Where it is made to appear that the thing that happened would be a violation if done intentionally or if done negligently, and the evidence does not demand a finding that it was not done intentionally or negligently, this constitutes the establishment prima facie of negligence per se. It then devolves upon the defendant to produce evidence in his own behalf to satisfy the jury that the operation of the automobile was not a violation of a statute or ordinance because unintentional and not the result of any failure to exercise ordinary care on his part."

While there is evidence in the record from which the jury could have reached the conclusion that a third vehicle was involved, the defendant's testimony is to the effect that he did not see lights approaching from his rear and that he has no recollection about any impact to the rear of his vehicle. The record is void of testimony from the driver or any occupant of the alleged third vehicle.

The appellant cites and relies upon the case of *Jackson v. Martin,* 89 Ga. App. 344 (79 SE2d 406). The present case is distinguishable since the plaintiff's evidence in the *Jackson* case affirmatively showed that the defendant's car was on the wrong side of the road without negligence on the part of the defendant driver. Such road conditions as there existed are not present here.

Questions of proximate cause are for the jury to resolve, and should a jury conclude from all the evidence that a third vehicle was involved it would be further authorized to conclude under the plaintiff's evidence that the proximate cause of the collision was the changing of lanes by the defendant's vehicle without proper warning to the vehicle approaching from his rear.

Since the evidence in behalf of the defendant did not demand a finding that his violation of the statute was unintentional and without negligence on his part, the trial court did not err in denying his motion for judgment notwithstanding the mistrial.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*