### 16591.  ORANGE CRUSH BOTTLING COMPANY *v.* SMITH.

STEPHENS, J.  1. In a suit for damages for personal injuries, where it appeared from the evidence that the plaintiff, while standing upon a sidewalk, was injured by being knocked down by a motor-truck belonging to the defendant, which left the street and ran upon the sidewalk, testimony that the truck was in good condition except that "the threads were stripped on the nut that goes over the flange of the axle that holds the axle in," when considered with further evidence that the driver of the truck leaped from the truck and left it uncontrolled as it was running down a steep hill prior to its collision with the plaintiff, authorized the inference that the truck was not equipped with efficient and serviceable brakes.  The trial court, therefore, did not err in instructing the jury that the law requires motor-vehicles while in use upon the public streets to be equipped with efficient and serviceable brakes, and that the operation of the truck along the public streets not so equipped constituted negligence per se.  Ga. L. 1921, p. 256.

2. Where there is no allegation based upon the incompetency of the driver, evidence offered by the defendant to the effect that the driver was competent was properly excluded.

3. Whether or not, in such a suit, the evidence authorized the inference that the plaintiff's earning capacity had been totally impaired temporarily, it was not error prejudicial to the defendant for the court to charge the jury that the jury would not be authorized to return a verdict "for the total impairment that extended into the future."

4. An instruction to the jury that the plaintiff would be entitled to recover the reasonable expenses that were incurred for medical attention "on account of injuries" was equivalent to an instruction that the plaintiff could recover the "necessary expenses consequent upon the injury," as provided in section 4505 of the Civil Code (1910).

5. The charge of the court clearly confined the jury to the contentions of the plaintiff as contained in the petition, and otherwise fairly to the defendant presented the issues in the case.

6. The verdict for the plaintiff was authorized by the evidence, and in view of the nature of the plaintiff's injuries the verdict can not, as a matter of law, be said to be excessive.

7. The other assignments of error, not being insisted upon by the plaintiff in error, will be treated as abandoned.

> *Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*
> DECIDED FEBRUARY 13, 1926.

Appeal and Error, 4 C. J. p. 920, n. 53; p. 1068, n. 16.
Damages, 17 C. J. p. 801, n. 32; p. 1080, n. 48.
Motor Vehicles, 28 Cyc. p. 47, n. 20; p. 49, n. 49.

Action for damages; from Fulton superior court—Judge Humphries.   May 16, 1925.

*Jones, Evins, Moore & Powers,* for plaintiff in error.

*Branch & Howard,* contra.