PURSER v. THOMPSON.—219 S. W. (2d) 211.

Eastern Section.   November 10, 1948.

Petition for Certiorari denied by Supreme Court, March 11, 1949.

620

Joe V. Williams Jr., and Cardinal Woolsey, both of Chattanooga, for plaintiff in error.

Raulston Schoolfield and Raymond Graham, both of Chattanooga, for defendant in error.

McAMIS, J.   W. G. Purser has appealed in error to this court after his motion for a new trial was overruled and judgment rendered upon a jury verdict for $12,000 in favor of Clifford Thompson, Administrator of the estate of his deceased brother, Harold D. Thompson.   By the assignments it is insisted there was no evidence to take the case to the jury on the issue of defendant's liability and that, under the undisputed evidence, plaintiff's intestate was guilty of proximate contributory negligence.

At the conclusion of all the evidence defendant's motion for a directed verdict was sustained as to all of the several counts of the declaration except Counts 1, 2 and 4.   Count 1, a common law count, charged that, on March 15, 1947, the defendant Purser was driving his automobile southwardly on Lindsay Street in Chattanooga entering Vine Street, a through street running substantially east and west, and carelessly and negligently continued into the intersection where the decedent, a pedestrian, was struck near the middle of Vine Street while in the act of crossing from the south to the north side of that street.

The second Count of the declaration charged a violation of Code Section 2695, subsection B (a) providing: "Every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two (2) separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two (2) wheels.   If these two (2) separate means of applying brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall

not leave the motor vehicle without brakes on at least two (2) wheels.''

Count Four of the declaration charged a violation of Code Section 2695, subsection B (b) providing: ''The service brakes upon any motor vehicle or combination of vehicles shall be adequate to stop such vehicle or vehicles when traveling twenty (20) miles per hour within a distance of thirty (30) feet when upon dry asphalt or concrete pavement surface free from loose material where the grade does not exceed 1 per cent.''

The defendant's automobile, a 1936 model Oldsmobile, was equipped with hydraulic foot brakes and an emergency mechanical hand brake. About two weeks before the accident the brakes, according to defendant's testimony, were not working properly and the car was taken to a garage for repairs and to have the brakes checked. It was returned to defendant about ten days before the accident and according to testimony of the mechanic and that of defendant and his son who operated the car on the day of the accident, the brakes were thereafter in good working order. Following the accident they were found to be in good condition or at least in working order except as hereinafter shown.

It was necessary to go down a very steep grade on Lindsay Street before reaching the intersection. Defendant testified that he placed the car in second gear but that this was not sufficient to hold the car on the steep grade and when he applied or attempted to apply his foot brake he found that it did not work. He was then nearing the intersection and decided to continue into Vine Street rather than turn into cars parked along both sides of Lindsay Street. He made no attempt to use the hand

brake which, according to the undisputed proof, was in good working order.

Upon entering Vine Street defendant's car was struck by another car being operated in an easterly direction on Vine Street. The impact of the collision turned defendant's car eastwardly on Vine Street where plaintiff intestate was struck and fatally injured. Defendant's car also collided with another car proceeding westwardly on Vine Street but whether this was before or after the deceased was struck is a controverted question. There is also a dispute as to the location of the deceased when struck. Some of the evidence indicates that he was thirty-five feet east of the intersection, the proof most favorable to the plaintiff being that he was within ten feet of the intersection.

Mr. Burkett, an automobile mechanic introduced as a witness for defendant, testified that he examined the brakes on defendant's car on March 19th, two days after the accident, and that until he removed the master cylinder and examined it he found nothing wrong with the brakes except that the brake adjustment was loose. He testified that it was necessary to remove the master cylinder and "disassemble" it in order to make the examination. His examination revealed "bent corners" on the master cylinder which prevented a proper seating of the valve, the function of which was to maintain a minimum pressure of five pounds. It was the opinion of this witness that the corners were bent when the cylinder was installed and that the inefficient seating of the valve, while not destroying the effectiveness of the brakes entirely, made it necessary for the operator to "pump" the brakes by making a second application of pressure on the foot pedal. It is apparent that the condition

described by this witness constituted a latent defect. (The latency of the defect is further evident from the fact that it was not discovered when the brakes were adjusted prior to the accident.)

We think the case was properly submitted to the jury. As to the common law count, the rule of Vaughn v. Millington Motor Company, 160 Tenn. 197, 22 S. W. (2d) 226, applies. The holding there was that a finding of negligence might be predicated on the operation of a motor vehicle with defective brakes if the defect was known or by the exercise of reasonable diligence could have been known. The rule is sufficiently broad to include a latent defect provided its existence could have been known by the exercise of reasonable diligence and in this case we think it was for the jury to say whether the defendant exercised reasonable care in operating an automobile more than ten years old with brakes which the jury may have found from the evidence required pumping before they became effective. If the cause of this condition had been pursued before rather than after the accident the defect would have been discovered and the injury prevented, or so the jury might have concluded under one view of the evidence. It is needless to point out that on motion for peremptory instructions the view most favorable to the party against whom the motion is made must be accepted.

We think the common law count was properly submitted to the jury for another and independent reason. The defendant admits that he failed to apply, or attempt to apply, the hand brake when he discovered that he could not stop the car with the foot brakes. The hand brake was in working condition but he offers no explanation of his failure to avail himself of this means of stopping

the car which was proceeding at the time into a busy intersection out of control. The statute prohibits the operation of an automobile without two separate means of applying brakes. It would be anomalous to say that an operator could be penalized under the statute for operating without a hand brake but that a jury could not impose common law liability for failure to apply the brake required by the statute if it could be found, as we think it can be here, that such failure was the proximate cause of the injury.

A number of cases are cited by counsel for defendant in support of the rule that, independent of statutory regulations, if the brakes have previously functioned properly but suddenly and without warning fail to function their failure does not, in the absence of knowledge of the defect or of such facts as would have led one in the exercise of due diligence to discover it, impose liability on the operator. One obvious criticism of the rule is that it enables the unscrupulous to fabricate a defense. Another is that it relieves the operator of a burden incident to the normal operation of his car and places it upon an innocent person who happened to be unfortunate enough to be within the sweep of the vehicle. We think the statute should be construed to make it an act of negligence *per se* to operate a vehicle on a public thoroughfare without the required brakes.

The weight of authority supports the rule that a violation of a statute or ordinance containing specific requirements as to brakes constitutes negligence *per se* which, if the proximate cause of the injury, will support a cause of action against the violator. Harden v. Harden, 29 Ala. App. 411, 197 So. 94; Womack v. Preach, 63 Ariz. 390, 163 P. (2d) 280; Smith v. Finkel, 130 Conn.

354, 34 A. (2d) 209; Railway Express Agency v. Standridge, 68 Ga. App. 843, 24 S. E. (2d) 508; Rentschler v. Hall, Ind. App., 69 N. E. (2d) 619; Hassell v. Colletti, La. App., 12 So. (2d) 31; Black v. Ambs, 307 Mich. 644, 12 N. W. (2d) 381; Tysinger v. Coble Dairy Products, 225 N. C. 717, 36 S. E. (2d) 246; Ramirez v. Salinas, Tex. Civ. App., 90 S. W. (2d) 891; Jacklin v. North Coast Transp. Co., 165 Wash. 236, 5 P. (2d) 325; McCoy v. Courtney, 25 Wash. (2d) 956, 172 P. (2d) 596, 170 A. L. R. 603.

A violation of another provision of the same statute here invoked, requiring the placing of lighted flares, was held to constitute negligence *per se* by our Supreme Court in Inter-City Trucking Co. v. Daniels, 181 Tenn. 126, 178 S. W. (2d) 756.

██ We think when it appeared from the proof that defendant's brakes were inadequate to control the movements of the car as required by statute the burden passed to defendant to convince the jury that the violation of the statute, if unintentional, was consistent with due care on his part in having the brakes inspected and repaired and that the defect existed at the time of the accident wholly without his fault. We cannot say the excuse offered in this case was sufficient as a matter of law. It is true the evidence indicates that the defect was latent and one that an automobile repair man failed to discover ten days before the accident. But we think it was at least a question for the jury as to whether defendant offered a sufficient excuse for his violation of the statute in view of the fact that a finding was open to the jury that, at the time of the accident, the brakes required pumping in order to exert pressure on the brake drums. The statute is both penal and peremptory in its require-

ments and one who violates it and causes injury to another should affirmatively remove any imputation of negligence in failing to discover the defect.

█ We do not find in the record any undisputed evidence of contributory negligence on the part of the deceased that would warrant a directed verdict on that ground. Under the evidence most favorable to plaintiff he was within ten feet of the intersection which would seem to place him approximately in the position of crossing from the sidewalk on the easterly side of Lindsay Avenue on the south side to the north side of Vine Street. In any case his position was not a proximate cause of the accident since defendant admits that he did not see, him. The jury may have concluded that he would not have been seen if he had been a few feet further west and that the sole cause of the accident was the operation of defendant's car out of control.

Affirmed.