34957. CRUSE *et al.* v. TAYLOR.

612

Decided February 9, 1954.

*T. J. Long,* for plaintiffs in error.

*Durwood T. Pye,* contra.

TOWNSEND, J. ■ Special ground 4 of the amended motion for new trial complains of a lengthy excerpt from the charge of the

court as to the violation of certain ordinances of the City of Atlanta relating to traffic-control devices, and certain sections of the Georgia Code relating to driving and traffic regulations, namely: Code § 68-302 providing that every motor vehicle while in use or operation upon the streets or highways shall at all times be provided and equipped with efficient and serviceable brakes; Code (Ann. Supp.) § 68-301 (a) prohibiting driving at a rate of speed greater than is reasonable and safe and so as to endanger the life or safety of others; Code § 68-303 (i) providing that an operator shall reduce speed at crossings or intersections of highways; and Code § 68-304 providing that, upon approaching or passing any person walking in the roadway, the operator of a motor vehicle shall at all times have the same under immediate control. It is contended that it was error to submit the violation of the statutes and ordinances to the jury because the undisputed evidence in the case shows that any violation thereof was due to a sudden mechanical failure of the brakes "as to which the operator and/or owner thereof had no knowledge or knowledge of facts or circumstances requiring an inspection to determine defects in the braking system," and is therefore contended not to be negligence. Special ground 5 assigns error on the refusal to give the following requested charge: "If you find that the defendant, Mrs. Cruse, violated the ordinances and laws complained of in this suit and that said violation was due to a sudden failure of brakes and to defective brakes as to which she had no actual knowledge; then, in that event, the violation of said ordinances and laws would constitute no negligence at all."

"A request to charge should itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial." *Smithwick* v. *State,* 199 *Ga.* 292 (7) (34 S. E. 2d 28). The requested charge in effect states that, even though these statutes and ordinances were "violated," the violation would constitute "no negligence at all" in the absence of actual knowledge that the brakes were defective. Either an intentional failure or a negligent omission to observe a statute or ordinance will constitute a violation thereof. *Railway Express Agency* v. *Standridge,* 68 *Ga. App.* 836, 839 (24 S. E. 2d 504). Obviously then, if there were no intent and no negligence, there would be no *violation*

and a perfect defense would be presented against a direct charge of violating the statute or ordinance. Where it is made to appear that the thing that happened would be a violation if done intentionally or if done negligently, and the evidence does not demand a finding that it was not done intentionally or negligently, this constitutes the establishment prima facie of negligence per se. It then devolves upon the defendant to produce evidence in his own behalf to satisfy the jury that the operation of the automobile was not a violation of a statute or ordinance because unintentional and not the result of any failure to exercise ordinary care on his part. Thus, if there is a violation of a statute or ordinance proximately resulting in injury, it is proper for the court to charge on negligence per se. Conversely, if there is no violation, such a charge is improper. The question of whether or not there is a violation is for the determination of the jury where the evidence is in conflict on the subject. Since the request here in effect asked the court to charge that a *violation* of a statute or ordinance was not negligence per se, the request was imperfect in this respect.

It is also imperfect in assuming that the driver would be absolved from negligence in the absence of actual knowledge of the defect. "The owner or driver of a motor vehicle must exercise reasonable care in the inspection of his machine to discover any defects that may prevent its proper operation, and is chargeable with knowledge of any defects which such inspection would disclose." 2 Blashfield, Cyclopedia of Automobile Law and Practice, p. 1, § 821. This question is ably discussed in a case similar on its facts, Purser *v.* Thompson, 31 Tenn. App. 619 (219 S. W. 2d 211), which, citing among other cases *Railway Express Agency* v. *Standridge,* supra, holds as follows: "A number of cases are cited by counsel for defendant in support of the rule that, independent of statutory regulations, if the brakes have previously functioned properly but suddenly and without warning fail to function, their failure does not, in the absence of knowledge of the defect or of such facts as would have led one in the exercise of due diligence to discover it, impose liability on the operator. One obvious criticism of the rule is that it enables the unscrupulous to fabricate a defense. Another is that it relieves the operator of a burden incident to the normal operation of his car

and places it upon an innocent person who happened to be unfortunate enough to be within the sweep of the vehicle. We think the statute should be construed to make it an act of negligence per se to operate a vehicle on a public thorofare without the required brakes. The weight of authority supports the rule that a violation of a statute or ordinance containing specific requirements as to brakes constitutes negligence per se which, if the proximate cause of the injury, will support a cause of action against the violator. . . We think when it appeared from the proof that defendant's brakes were inadequate to control the movements of the car as required by statute the burden passed to defendant to convince the jury that the violation of the statute, if unintentional, was consistent with due care on his part in having the brakes inspected and repaired and that the defect existed at the time of the accident wholly without his fault."

The above is in concord with Georgia decisions, both on the question of violation of a statute or ordinance constituting negligence per se (*Harper* v. *Hall*, 76 *Ga. App.* 441, 446, 46 S. E. 2d 201; *Orange Crush Bottling Co.* v. *Smith*, 35 *Ga. App.* 92 (1), 132 S. E. 259), and on the question of negligence as it relates not only to failure to repair after actual knowledge, but failure to inspect in such manner as to uncover a defect which an ordinarily careful inspection would disclose (*Railway Express Agency* v. *Standridge,* supra; *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (1), 116 S. E. 57). Accordingly, the trial court did not err in submitting to the jury the question as to the violation of the statutes and ordinances as negligence per se, or in refusing the requested charge above set forth.

■ For the reasons set forth in the first division of the opinion, the trial court did not err in submitting to the jury the allegations of the plaintiff as to common-law negligence in driving the automobile into the intersection when the way was not clear ahead, not keeping a lookout ahead, not having the automobile under control, and driving the vehicle when the same had a broken hydraulic fluid line, and not stopping before striking the motorcycle and the plaintiff, on the grounds, as contended by the defendants, that there was no evidence to support such allegations of negligence, for the reason that such view of the case leaves out of consideration the duty to exercise ordinary care by

proper inspection to ascertain that there is no defect in the mechanism of the automobile which will prevent it from functioning properly.

It is recognized that a failure to observe the "rule of the road" is not always negligence, and this regardless of whether the alleged negligence charged is statutory or common law in origin. Failure to observe a statute or ordinance, or some other act which would otherwise constitute a failure to exercise ordinary care, may not be negligence under circumstances where the act of a third party causes a sudden emergency which forces a driver to choose one of two courses of conduct, either of which would, in the absence of such emergency, constitute negligence or a violation of a statute, but which, because of the emergency, becomes necessary either in self-defense or to avoid a greater injury than that which in fact resulted. *Cone* v. *Davis*, 66 *Ga. App.* 229 (1) (17 S. E. 2d 849); *Sullivan* v. *Morris*, 50 *Ga. App.* 394 (178 S. E. 324). This rule has no application to the present case. Special ground 6 of the amended motion for a new trial is without merit.

■ Special ground 7 complains of a portion of the charge in which the court instructed the jury as to certain contentions of the plaintiff, that the defendant Jones turned the automobile over to Mrs. Cruse "when the same was not equipped with efficient and serviceable brakes, when said defendant, in the exercise of ordinary care, should have known of said deficiency," and when "said automobile, as Jones knew, [was] not equipped with any good and efficient emergency brakes, but the emergency handbrake thereon being worn and unserviceable and in such condition as said emergency brake would not bring said automobile to a stop"; and the court then charged: "One who lends his car to another to be driven by the latter is liable to a third person for damages resulting from a defect in such automobile which the lender could have discovered by the exercise of ordinary care, where such defect is of such nature as to make the automobile, for the purpose furnished, a dangerous instrumentality as to such third person." This charge is contended to be error, because (a) there was no evidence that the brake line was defective, or any facts from which a duty to inspect on the part of Jones would have arisen, at the time the automobile was

turned over to Mrs. Cruse; and (b) there is no law requiring an efficient and serviceable handbrake, and the defectiveness of the emergency brake had no connection with the injury, for which reason a charge on this subject was error.

As to the first contention, the evidence strongly preponderated, if it did not absolutely demand a finding, that the cause of the failure of the hydraulic brakes was due to the hole in the brake fluid line, and this section of the line was in evidence; it consisted of a piece of fabric-lined, hard-rubber coated flexible tubing. The expert witness testified that the hole in this tubing was not caused by any cut or puncture, but by rubbing. He would not say over what period of time such rubbing would fray the tubing, but the jury might well have decided from a physical inspection of the rubbed place, the size of the defective area, and the thickness and hardness of the casing, that it would be impossible for such a hole to develop in the trip between Red Oak and Atlanta, and that it would actually take a period of weeks or months for such defect to develop, and that it was of such size and character that any ordinarily careful inspection should have disclosed it. An operator of an automobile cannot, simply by driving the vehicle until it breaks down, without any care or inspection whatever, absolve himself from liability for injuries resulting from defective condition on the ground that he had no knowledge or notice thereof.

Nor do the cases cited in the very able brief of counsel for the plaintiff in error require a contrary holding. In *Brown* v. *Georgia Kaolin Co.*, 60 *Ga. App.* 347 (4 S. E. 2d 100) the truck which, because of defective brakes and loading, caused the injuries, did not belong to the defendant but to an independent contractor, for which reason the defendant would not be under the duty to inspect, as here exists. In *Harris* v. *Whitehall Chevrolet Co.*, 55 *Ga. App.* 130 (189 S. E. 392), the defective brakes had no causal relation to the injuries inflicted. In *Mathis* v. *Mathis*, 42 *Ga. App.* 1 (155 S. E. 88), the decision is grounded on the theory that the plaintiff alleged, and failed to prove, actual knowledge on the part of the owner of the automobile. The court further stated that "not one circumstance was shown which could have served to put the defendant upon notice or inquiry as to such a defect, or from which it could have been inferred that he might

have discovered it by the exercise of ordinary care," whereas here, as above stated, a fair inference might have been drawn by the jury, by inspection of the defective brake line, that it might have been discovered in the exercise of ordinary care.

Nor is this portion of the charge error insofar as the instructions as to the emergency brake are concerned. The allegations of the petition, that the defendant had knowledge that it was defective, were not demurred to, and they were sustained by evidence. That Mrs. Cruse did not actually attempt to use this brake, which might have been negligence on her part, will not constitute a defense to the defendant·Jones when the jury would be authorized in finding that such attempt would have been ineffectual due to his own negligence in keeping it in repair. It is true that the Georgia statute does not require two sets of efficient and serviceable brakes, but this also will not avail the defendant under circumstances where the car was equipped with two sets of brakes, neither one of which was in efficient and serviceable condition. This ground of the amended motion for new trial is without merit.

Special ground 8 contends that it was error to charge the family-car doctrine in connection with Eugene Jones, Jr., and his sister, who was married and lived in a separate house on the same premises. In this connection, imputable negligence under the family-car doctrine was alleged in the petition and substantiated by evidence of the defendant Jones—that he considered the two households as one family (Mrs. Cruse's minor son was living in the house with Jones and his parents) and that all three cars on the premises were available for any member of the family; that his automobile was at all times available for the convenience of his father, mother, and sister as well as himself, and their cars were likewise available to him. Under these circumstances, the court did not err in charging on this principle of law, there being no contention that the law as charged was erroneous, but only that it was inapplicable. See *Hubert* v. *Harpe*, 181 *Ga.* 168 (182 S. E. 167); *Levy* v. *Rubin*, 181 *Ga.* 187 (182 S. E. 176); *Golden* v. *Medford*, 189 *Ga.* 614 (7 S. E. 2d 236). This ground is without merit.

The separate features of the evidence authorizing the verdict in favor of the plaintiff have been discussed in relation to

the special grounds. From what has been said, it follows that the verdict was authorized by the evidence.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*