20118. GREGORY *v.* ROSS.

SUBMITTED JUNE 10, 1958—DECIDED JULY 11, 1958.

*J. Neely Peacock, Jr., Colquitt H. Odom,* for plaintiff in error.
*W. H. Burt, Burt & Burt, R. W. Reynolds,* contra.

CANDLER, Justice. Mrs. Carolyn Ross sued J. W. Gregory for damages in the City Court of Albany. The petition which she filed on March 15, 1957, in substance alleges: She sustained specified personal injuries when a truck, which the defendant owned and which his agent, R. L. Littleton, was operating for him and in the prosecution of his business, ran a red light at the intersection of two named streets in the City of Albany and struck the right side of an automobile which her husband was driving and in which she was riding. Littleton's violation of enumerated city and State traffic regulations was the proximate cause of her injuries. Her petition was not demurred to, but the defendant by his answer denied all of its substantial allegations. During the trial, and after some evidence had been introduced, the plaintiff amended her original petition by denominating it as "Count 1" and by making other allegations which she denominated as "Count 2". So far as need be stated, count 2 alleges: The defendant permitted one R. L. Littleton to operate his truck, on and along a named street in the City of Albany, with defective brakes. He knew or through the exercise of ordinary care could and should have known that its brakes were defective. While Littleton was so operating the defendant's truck, and because it was not equipped with brakes sufficient to stop it while in motion, he ran a red light at the intersection of the Old Radium Springs Road and U. S. Highway No. 82 in the City of Albany and injured plaintiff in the manner alleged in the original petition or in count 1 of the amended petition. The defendant, by permitting Littleton to operate his truck without proper braking facilities, violated the provisions of Code (Ann.)

§ 68-1715 (a) and (c), and such negligent act on his part was the direct and proximate cause of the injuries she sustained. When the amendment was allowed, the defendant "plead surprise and moved for a continuance until the afternoon session in order to meet said amendment." His motion was denied. The plaintiff then struck count 1 of her petition and the trial proceeded as to count 2 only. The jury returned a verdict in favor of the plaintiff for $3,000. The defendant moved for a new trial on the usual general grounds and later amended his motion by adding four special grounds. His amended motion was denied, and he sued out a writ of error to the Court of Appeals. That court while sitting as a body for the purpose of considering the case was unable to render judgment, since Judges Nichols, Townsend, and Carlisle were of the opinion that the judgment complained of should be affirmed, while Chief Judge Felton, Presiding Judge Gardner, and Judge Quillian entertained a different view. The case therefore came to this court for decision under art. 6, sec. 2, par. 8 of the Constitution of 1945 (Code, Ann., § 2-3708).

■ During the trial the plaintiff, as our statement of the case shows, amended her petition materially. Counsel for the defendant stated that he was surprised by the amendment and moved that the trial be halted until the afternoon session of the court. His motion was denied by the trial judge, and this is one of the assignments of error in the motion for new trial. In the circumstances of the case we do not think this ground of the motion requires a reversal of the judgment refusing a new trial. The Code distinctly provides that, in all applications for continuance on the ground of surprise resulting from an amendment to the pleadings, the opposite party shall make oath, or his counsel shall state in his place, "that such surprise is not claimed for the purpose of delay." Code § 81-1409. Neither procedure was followed in this case, but counsel for the plaintiff in error argues that, under the facts disclosed by the record, it was necessarily to be inferred that the application to halt the trial for a few hours was not made for delay only. The Code does not leave this matter to inference; there must be an express statement to the effect that delay is not the purpose of the application; and, in the absence of such express statement, a

judgment refusing to continue the case will not be reversed. *Atlantic & Birmingham R. Co.* v. *Douglas,* 119 *Ga.* 658 (1) (46 S. E. 867); *Potts* v. *Wilson,* 158 *Ga.* 316 (1a) (123 S. E. 294); *Williamson* v. *Gentry,* 44 *Ga. App.* 596 (2) (162 S. E. 395); *Hoffman* v. *Franklin Motor Car Co.,* 32 *Ga. App.* 229 (2) (122 S. E. 896).

■ Another special ground of the motion for new trial alleges that the court erred in denying a motion, which was timely made, for a nonsuit. This ground cannot be considered, for the reason that a judgment denying a motion for nonsuit cannot be reviewed by a motion for new trial, but should be made the subject of a direct exception. *Dixie Manufacturing Co.* v. *Ricks,* 153 *Ga.* 364 (4) (112 S. E. 370); *Don* v. *Don,* 163 *Ga.* 31 (3) (135 S. E. 409); *Dickson* v. *Citizens Bank & Trust Co.,* 184 *Ga.* 398 (8) (191 S. E. 379).

■ During the direct examination of William O. Ross, the plaintiff's husband and witness, he was asked the following question: "What was your wife's physical condition thereafter up to the time of the miscarriage, give the jury some idea of what she went through?" The question was objected to on the ground that the witness was not a doctor nor an expert, and for that reason was not qualified to answer the propounded question. The objection was overruled, and error is assigned on that ruling in one of the special grounds. Respecting this, we see no error. When the question was asked, the witness was being examined about the physical condition of his wife between the time she was injured on December 23, 1955, and her miscarriage on February 15, 1956. The evidence which the question sought to bring out from the witness could have been given by any person, expert or non-expert, who was familiar with her physical condition during the time covered by the question, and there was no motion to rule out any part of the answer which he gave to the question if it was for any reason objectionable. For like rulings, see *Ga. Ry. &c. Co.* v. *Gilleland,* 133 *Ga.* 621 (66 S. E. 944); *Metropolitan Life Ins. Co.* v. *Saul,* 189 *Ga.* 1 (3) (5 S. E. 2d 214); *Hammond* v. *State,* 212 *Ga.* 186 (91 S. E. 2d 615); *American Fidelity &c. Co.* v. *Farmer,* 77 *Ga. App.* 166 (48 S. E. 2d 122).

■ The remaining special ground of the motion for new trial excepts to a portion of the charge, which covers seven pages of the record. There is no contention that the part excepted to is not abstractly correct; its inapplicability to the pleadings is the objection urged. By the excerpt excepted to the court called the jury's attention to and read to them several Code sections and also an ordinance adopted by the City of Albany, which requires motorists to observe and obey certain traffic regulations, including stop signs and red lights at intersections. The criticism of the excerpt seems to be that the judge erred in giving the charge complained of after the plaintiff had stricken count 1 of her petition, and especially that part of it where the judge instructed the jury that it is negligence per se for the operator of a motor vehicle not to obey stop signs or red light signals at intersections. Count 2 of the petition alleges that the plaintiff was injured because Littleton ran a red light at a street and highway intersection, and collided with a car in which she was riding with her husband; and from the evidence the jury was fully authorized to find that the defendant loaned the truck to Littleton with knowledge that he would operate it on and along public streets and highways in the City of Albany, and that it was not equipped with brakes sufficient to stop it on any occasion when it might become necessary for him to do so. The evidence also demanded a finding by the jury that Littleton had not driven the truck more than a quarter of a mile when he reached the intersection of the Old Radium Springs Road and U.S. Highway No. 82; that the signal light was red when he reached the intersection; that he tried to stop the truck at that time, but was wholly unable to do so because it was not equipped with sufficient brakes; that he ran the red light and injured the plaintiff while she was riding in a car which was then in the intersection on a green light; and that the plaintiff was injured in consequence of the defendant's negligent act in placing in Littleton's possession a truck which was not equipped with sufficient brakes. Under these facts, the jury was authorized to find that Littleton's act of running a red light was not only inseparable from but was an integral part of the defendant's negligent act in placing a truck without sufficient brakes in his possession with

knowledge that it would be operated by him in that condition over streets and highways in the City of Albany. Since the defendant's negligent act in placing a dangerous instrumentality in Littleton's possession was the cause of his running a red light and thereby injuring the plaintiff, who was in no wise responsible for the collision, we do not think the court erred in charging the jury that the act of running a red light is negligence per se. Hence, there is no merit in this special ground of the motion.

■ The statutory duty to keep an automobile equipped with proper brakes is imposed on the owner, and the owner is liable for any injuries proximately caused by the defective condition of the brakes if he permits another person to operate it while it is in that condition, when he knows or through the exercise of ordinary diligence could and should have known of its defective condition. 60 C.J.S. 1056, § 430; 5 Am. Jur. 698, § 358. In *Cruse* v. *Taylor*, 89 *Ga. App.* 611, 617 (80 S. E. 2d 704), the Court of Appeals approved the following charge: "One who lends his car to another to be driven by the latter is liable to a third person for damages resulting from a defect in such automobile which the lender could have discovered by the exercise of ordinary care, where such defect is of such nature as to make the automobile, for the purpose furnished, a dangerous instrumentality as to such third person." And when an injury can be traced directly to a wrongful act, and but for such wrongful act it could not reasonably be supposed that the injury would have resulted, this essentially antecedent act may be said to be the "proximate cause" of the injury. *Godwin* v. *Atlantic Coast Line R. Co.,* 120 *Ga.* 747 (48 S. E. 139) ; *Southern Ry. Co.* v. *Daughdrill,* 11 *Ga. App.* 603, 609 (75 S. E. 925). Applying the rules of law just announced to the evidence in the instant case, we hold that the trial judge did not err in refusing to grant the defendant a new trial on the general grounds of his motion.

*Judgment affirmed.   All the Justices concur.*