44568.   TAYLOR v. BUCKHEAD GLASS COMPANY, INC.

Argued July 7, 1969—Decided October 24, 1969—
Rehearing denied November 18, 1969—

*B. Hugh Ansley*, for appellant.

*Jones, Bird & Howell, Peyton S. Hawes, Jr.*, for appellee.

QUILLIAN, Judge. ■ The defendant in its answer admitted that defective brakes caused the collision. It thus assumed the burden of proving that it (through its employee) was free from negligence in maintaining them. In discussing former *Code* § 68-302 relating to the duty of maintaining efficient and serviceable brakes, this court in *Cruse v. Taylor*, 89 Ga. App. 611, 616 (80 SE2d 704), cited with approval the following language contained in Purser v. Thompson, 31 Tenn. App. 619 (219 SW2d 211): "We think when it appeared from the proof that defendant's brakes were inadequate to control the movements of the car as required by statute the burden passed to defendant to convince the jury that the violation of the statute, if unintentional, was consistent with due care on his part in having the brakes inspected and repaired and that the defect existed at the time of the accident wholly without his fault." See *Atlanta Metallic Casket Co. v. Hollingsworth*, 104 Ga. App. 154 (8) (121 SE2d 388); *Gregory v. Ross*, 214 Ga. 306, 311 (104 SE2d 452). *Code Ann.* § 68-1715 (a), (c) (Ga. L. 1953, Nov. Sess., pp. 556, 611; 1965, pp. 406, 407) now contains the statutory requirements as to brakes: "(a) Every motor vehicle, other than a motorcycle or motor-driven cycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, . . . (c) All brakes shall be maintained in good working order. . ." Here the only testimony offered as to the defendant's inspection and repair of the truck's brakes was that of the defendant's vice president and general manager. He related that responsi-

bility was vested in the individual driver; that no repairs were made until the employee complained; that the brakes were generally relined every 20,000 to 30,000 miles. He admitted he had no individual knowledge of the particular truck. The driver did not testify.

Hence, the pleadings of the defendant, not withdrawn, were solemn admissions in judicio that the cause of the collision was defective brakes. *Code* § 38-402. *Florida Yellow Pine Co. v. Flint River Naval Stores Co.*, 140 Ga. 321, 322 (78 SE 900). Furthermore, there was no evidence showing that the defendant exercised the proper degree of, or for that matter any, care in having the brakes inspected or if necessary repaired. In *Dye v. Hirsch*, 92 Ga. App. 803, 805 (90 SE2d 332), this court held: "The defendant in this case having, by a solemn admission in judicio, established the right of the plaintiff to recover unless the affirmative defense pleaded should entitle the defendant to prevail, which admission it was impossible in law for the defendant to contradict by any evidence whatsoever (*New Zealand Fire Ins. Co. v. Brewer*, 29 Ga. App. 773, 774 (6) (116 SE 922)), and there being no proof in support of the defendant's plea of rescission . . . the verdict directed in favor of the plaintiff was demanded as a matter of law." The ruling in that case is controlling here.

The defendant contends that there is no authority for a partial directed verdict. There is no merit in this contention. While the present law makes no specific provision for a directed verdict as to one issue, Section 50 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237; *Code Ann.* § 81A-150 (a)), neither did the former law, *Code* § 110-104 as amended, Ga. L. 1961, p. 216. However, our courts have acknowledge the propriety of the grant of directed verdict on a single issue. *Canada Dry Bottling Co. v. Campbell*, 112 Ga. App. 56, 58 (143 SE2d 785); *Smith-East Produce Co. v. Williams*, 112 Ga. App. 620 (145 SE2d 794); *Pennsylvania &c. Cas. Ins. Co. v. Hill*, 113 Ga. App. 283, 294 (148 SE2d 83); *Sutherland's Eggs, Inc. v. Barber*, 116 Ga. App. 393 (157 SE2d 491); *Church of God v. City of Dalton*, 216 Ga. 659, 662 (119 SE2d 11).

The trial judge erred in failing to direct a verdict for the plaintiff as to negligence.

■ The second headnote requires no elaboration.

*Judgment reversed. Pannell and Evans, JJ., concur.*

ON MOTION FOR REHEARING

Movant contends this court's decision that it was error for the trial judge to refuse to direct a verdict is contrary to some 145 decisions of our appellate courts. Formerly, it was the rule in civil cases and is now again the rule in criminal cases (see *Pritchard v. State*, 224 Ga. 776, 779 (164 SE2d 808)) that it is never error to refuse to direct a verdict. However, movant overlooks the fact that Section 2 of the Appellate Practice Act (*Code Ann.* § 6-702 (b)) provides: "Motion for judgment notwithstanding the verdict need not be filed as a condition precedent to review upon appeal of an order or ruling of the trial court overruling a motion for directed verdict, but in all cases where such motion is an available remedy, the party may file the motion, or appeal directly from the final judgment and *enumerate as error the overruling of the motion for directed verdict.*" Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 494. (Emphasis supplied.)

Moreover, the plaintiff made a motion for judgment notwithstanding the verdict and enumerates as error the trial judge's overruling of such motion. Hence, this court properly considered the overruling of the motion for directed verdict.

*Rehearing denied. Pannell and Evans, JJ., concur.*