## 45810. BANK OF MADISON v. TRI-COUNTY LIVESTOCK AUCTION COMPANY.

PANNELL, Judge. The Bank of Madison, plaintiff appellant, on November 9, 1968, filed a financing statement on "800 Head all grades and breed beef cattle located on Farm of W. E. Giddens in Seats District of Morgan County, Georgia, and any increase thereof by birth or purchase" and the proceeds thereof, given to secure a line of credit to Giddens of approximately $50,000, the amount of the indebtedness to vary from time to time. Giddens was engaged in buying feeder cattle and feeding them and giving them medical treatment for better health and then selling them. On October 14, 1969, Tri-County Livestock Auction Company, defendant, sold to Giddens 40 head of feeder stock for the sum of $5,587.99, the invoices for which sale recited: "All transactions subject to Packers and Stockyards Act, as amended. Customers paying for livestock by check or draft agree that title does not pass until funds have actually been received." Giddens took possession of the cattle and on October 16 mailed to defendant a check in payment, which check was dishonored at the bank because of insufficient funds. On November 3, Giddens had loaded and sent to the stockyards 48 head of cattle, and while they were being unloaded the defendant was informed that the bank claimed a lien on the cattle,

and the next day, November 4, Giddens contacted the defendant and stated that, since he could not pay for the cattle, he was returning them so that he could sell them and get his money on the check and pay any overage to the plaintiff. By agreement, because of the condition of the cattle, the parties agreed that the cattle be sold and that the proceeds be retained pending a decision as to the respective rights of the .parties in the cattle. This action was the result and, upon the trial, the trial judge overruled plaintiff's motion for a directed verdict. The jury found in favor of the defendant, and the plaintiff appealed to this court, seeking a reversal of the verdict and judgment, and asking that this court enter a judgment in appellant's favor in accordance with its motion for directed verdict under the decisions of *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812) and *Taylor v. Buckhead Glass Co.,* 120 Ga. App. 663, 666 (171 SE2d 779). *Held:*

1. While a security interest cannot be perfected until it has attached (Ga. UCC § 9-303 (1); *Code Ann.* § 109A-9—303 (1)), and it cannot attach unless the debtor has rights in the collateral (Ga. UCC § 9-204 (1); *Code Ann.* § 109A-9—204 (1)), yet where, as in the present case, the defendant sold cattle to the debtor as a cash sale and surrendered the cattle to the debtor's possession without payment, and subsequently (two days later) received a check tendered in payment which was dishonored for insufficient funds by the bank upon which it was drawn, the purchaser of the cattle "acquire[d] all title which his transferor had or had power to transfer . . ." and "[w]hen goods have been delivered under a transaction of purchase the purchaser has such power even though . . . (b) the delivery was in exchange for a check which is later dishonored, or (c) it was agreed that the transaction was to be a 'cash sale'; . . ." (Ga. UCC § 2-403; *Code Ann.* § 109A-2—403; Ga. UCC § 9-113; *Code Ann.* § 109A-9—113) and "[a]ny retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest." Ga. UCC § 2-401 *(Code Ann.* § 109A-2—401).

2. Where, as here, the seller did not perfect his purchase money security interest (Ga. UCC § 9-302; *Code Ann.* § 109A-9—302),

the lien of a security instrument previously perfected by filing held by the plaintiff bank covering after-acquired cattle attached to the cattle sold when they were placed upon the described farm of the buyer with the other cattle, and the bank's security interest became perfected as to such cattle (Ga. UCC § 9-204; *Code Ann.* § 109A-9—204; Ga. UCC § 9-108; *Code Ann.* § 109A-9—108), and takes priority over the unperfected purchase money security interest (Ga. UCC § 9-312 (3, 4); *Code Ann.* § 109A-9—312 (3, 4); Bender's Uniform Commercial Code Service, Vol. 1, Secured Transactions, § 3.19, p. 237). It follows, therefore, that where the buyer, about 18 days after the purchase, sent to the defendant seller stockyard some cattle in excess of the number purchased, and the next day informed the seller he was returning the cattle because he was unable to pay the check or the purchase price, and the seller, after actual notice of the bank's lien, given the day the cattle were delivered, sold such cattle to a third party, the bank is entitled to the proceeds of such sale. Ga. UCC § 9-306 *(Code Ann.* § 109A-9—306).

3. The return of the cattle by the buyer to the seller was not a sale in the due course of business (Ga. UCC § 2-401 (4); *Code Ann.* § 109A-2—401 (4)), and even if it was, it was a sale of farm products excluded from the provisions of Ga. UCC § 9-307 (1) *(Code Ann.* § 109A-9—307 (1)), nor did such repossession, if a perfection of a security interest of the seller, relate back to the time of the original sale. Ga. UCC § 9-305 *(Code Ann.* § 109A-9—305).

4. Accordingly, the verdict and judgment in favor of the defendant seller was unauthorized, and the evidence demanded a finding in favor of the plaintiff, and the failure of the trial judge to direct a verdict in favor of the plaintiff was error. The judgment is reversed with direction that a judgment in favor of the plaintiff for the amount sued for be entered.

*Judgment reversed with direction. Bell, C. J., and Deen, J., concur.*

ARGUED JANUARY 4, 1971—DECIDED APRIL 12, 1971—
REHEARING DENIED MAY 12, 1971—CERT. APPLIED FOR.

*Lambert & Carter, E. R. Lambert, Preston & Benton, William L. Preston,* for appellant.

*G. Hughel Harrison, James W. Garner,* for appellee.