### 48143. LEWIS v. HARRY WHITE FORD, INC. et al.

Clark, Judge. This is an appeal by plaintiff seeking to reverse a summary judgment rendered for defendant employer in a case brought by plaintiff for personal injuries against both employer, Harry White Ford, Inc., and employee, Jackson. This does not involve a respondeat superior situation as the collision between the automobile operated by plaintiff and that driven by Jackson occurred while Jackson was on a personal mission unconnected with his employment. Because Jackson was driving a 1966 Ford automobile owned by employer, plaintiff seeks to hold employer as a co-defendant upon two theories: (1) negligent entrustment in that the employer should have known defendant Jackson was an incompetent, dangerous and negligent driver, and (2) that the employer furnished Jackson with an automobile which was mechanically defective and that employer knew or in the exercise of ordinary care should have known that it was dangerous to operate such vehicle with defective brakes. Defendant employer denied liability and its motion for summary judgment was sustained herein. *Held:*

1. The evidence in the record concerning the driver's alleged incompetency totally fails to support plaintiff's contentions as to that claim. Prior to employing Jackson the employer investigated "his background, his references, his credit, his driver's record, etc." Reports were received from the police and a credit bureau as well as checking with former employers. No adverse information was developed. Unknown to employer Jackson had been found guilty of criminal offenses. These involved larceny of an automobile, wife beating, and bastardy. None of these crimes has any relevancy concerning competency in driving an automobile. Nor would such convictions prevent one from holding a valid driver's license. Although employer acknowledges that if these matters had been learned during the investigation that such criminal background would have made

Jackson ineligible for employment with that concern, such employment policy does not involve any question of recklessness or driving competency. See *Saunders v. Vikers,* 116 Ga. App. 733, 736 (158 SE2d 324); *Brown v. Sheffield,* 121 Ga. App. 383 (2a) (173 SE2d 891). As to this theory of negligent entrustment the court below was correct.

2. A different situation confronts us in reviewing the evidence presented on the question of the employer's exercise of ordinary care as to the allegations concerning the condition of the vehicle. Jackson testified that the brakes did not perform correctly above certain speeds. He gave no estimate of his speed at the time of the incident. He further specified that the brake on one side pulled and then grabbed, that there was a noise in the brake drum on one side. Defendant's evidence sought to rebut this contention and also to show that the alleged defective condition of the brakes had no relevancy to the head-on collision which occurred when Jackson drove to the left of the center line to avoid another vehicle and that the brakes played no part in this. Code Ann. § 68-1715 (a, b, c) sets the standards for the brake equipment required, the performance ability of brakes and the maintenance of brakes. Concerning maintenance of brakes, it is stated that "All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle." Considering Jackson's unrebutted testimony as to the performance of the brakes in view of this requirement, a jury question is raised as to whether the brakes were defective.

"The statutory duty to keep an automobile equipped with proper brakes is imposed on the owner, and the owner is liable for any injuries proximately caused by the defective condition of the brakes if he permits another person to operate it while it is in that condition, when he knows or through the exercise of ordinary diligence could and should have known of its defective condition. [Cits.] ... And when an injury can be traced directly to a wrongful act, and but for such wrongful act it could not reasonably be supposed that the injury would have resulted, this essentially antecedent act may be said to be the 'proximate cause' of the injury. [Cits.]" *Gregory v. Ross,* 214 Ga. 306, 311 (104 SE2d 452). Other factual questions are presented by the record in seeking to determine if the employer defendant in the exercise of ordinary care should have known of the defect. Did the customary road-testing of the car when first placed on employer's used car

lot within a period of less than one month reveal the supposed defect? After the repairs to the car should another road test have been made? These questions place this case in the category that " 'circumstance was shown which could have served to put the defendant upon notice or inquiry as to such a defect, or from which it could have been inferred that he might have discovered it by the exercise of ordinary care.' " *Cruse v. Taylor,* 89 Ga. App. 611, 618 (80 SE2d 704) quoting from *Mathis v. Mathis,* 42 Ga. App. 1 (155 SE 88). Thus a possible jury question was presented which was not resolvable by the summary judgment on the record as it presently exists.

3. Additionally, a jury question exists concerning the contention that the brakes did not constitute the proximate cause. " 'By proximate cause is not meant the last act or cause, or the nearest act to the injury, but such act wanting in ordinary care as actively aided in producing the injury as a direct and existing cause.' [Cit.] '. . . A juridical cause need not be the sole cause.' . . . [Cit.]" *Wright v. Southern R. Co.,* 62 Ga. App. 316, 319 (7 SE2d 793).

" 'In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. [Cits.]' " *Milton Bradley Co. v. Cooper,* 79 Ga. App. 302, 307 (53 SE2d 761).

"We cannot say as a matter of law from the evidence in the present case that any one defendant was or was not negligent, or that any particular act, if negligence, was or was not a sole or concurring proximate cause of the injuries allegedly sustained. Whether there has been negligence and whether there was causal relation to alleged injuries are questions of fact for jury resolution, except when the circumstances are such that they will support but one result. Such was not the case here." *Stone's Independent Oil v. Bailey,* 122 Ga. App. 294 (1) (176 SE2d 613). In accord, *Southern R. Co. v. Lunsford,* 57 Ga. App. 53 (194 SE 602). Jackson's testimony that the right brake grabbed, that the left brake did not work and that he turned the steering wheel as far as possible to the left to avoid the truck infers that the performance and non-performance of the brakes could reasonably have accounted for his attempt to correct by oversteering.

"It is basic that an inference can be drawn only from a fact and that

whether a fact will authorize a particular inference is a matter of law . . . [The court must determine] 'whether the evidence reasonably establishes a given theory . . . There must be more than a "scintilla" of circumstances to carry the case to the jury. [Cits.] More than a "scintilla" of circumstances "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [Cit.] . . . [A]n inference is legitimate deduction whereas conjecture is mere unregulated suspicion. If the evidence reasonably establishes the plaintiff's theory it must be submitted to the jury . . .' " *Layton v. Knight,* 129 Ga. App. 113 (1).

Defendant has not negated the supposed brake defect as one of the factors constituting proximate cause along with Jackson's over-steering and the speed of the car. Defendant employer had not shown as a matter of law an absence of negligence.

In summary judgment proceedings the burden is on the movant to show the lack of substantial factual issue. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *Internat. Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298); *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 206 (163 SE2d 256). "Where a party to a case, upon whom the burden of proof upon the trial of the case does not lie, makes a motion for summary judgment, all of the evidence adduced on said motion, including the testimony of the party opposing the motion, must be construed most strongly against the movant. [Cits.]" *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (1) (183 SE2d 78).

"We do not deem it inadvisable to state that our holding here is not to be construed as a holding of whether the evidence of the plaintiff on the trial of the case, if it be identical with that in the present case and be construed most strongly against him on the trial, would or would not demand a verdict against him. That question is not before this court at the present time." *Burnette Ford, Inc. v. Hayes,* supra, p. 67.

*Judgment reversed. Hall, P. J., concurs. Evans, J., concurs specially.*
ARGUED MAY 7, 1973 — DECIDED JUNE 28, 1973.

*Ross & Finch, Charles E. McCranie, Baxter H. Finch,* for appellant.

*Greene, Buckley, DeRieux & Jones, Hugh Robinson, Jr.,* for appellees.

EVANS, Judge, concurring specially. Plaintiff received injuries

and damages in an automobile mishap. He contended the mishap occurred as a result of negligence of Jackson, who was driving the automobile of his employer, Harry White Ford, Inc. Plaintiff sought to hold Harry White Ford, Inc. liable on the theory of negligent entrustment in that the employer should have known defendant Jackson was an incompetent, dangerous and negligent driver; and also because the employer had furnished a mechanically defective automobile to Jackson.

Summary judgment was granted by the lower court in favor of defendant, and the majority affirms as to negligent entrustment and reverses as to furnishing a mechanically defective automobile. I specially concur because I am in agreement with the majority as to the reversal, but I am partly in disagreement in that I feel the reversal should have been on both theories, to wit, *negligent entrustment* as well as *furnishing a defective vehicle.*

The majority states: "Unknown to employer Jackson had been found guilty of criminal offenses. These involved larceny of an automobile, wife beating and bastardy. None of these crimes has any relevancy concerning competency in driving an automobile. *Nor would such convictions prevent one from holding a valid driver's license.*" The majority errs in the foregoing statement because larceny of an automobile is an absolute ground and mandatory requirement for revocation of a driver's license. Code Ann. § 92A-404 (Ga. L. 1966, p. 12). It is true that in 1972 the General Assembly amended Ga. L. 1937, p. 322, "as amended" (Ga. L. 1972, p. 1078), but this cannot be construed to amend Ga. L. 1966, p. 12, because no reference, designation, or specification of Ga. L. 1966, p. 12, is therein made. The loose, general, and ambiguous term used in the 1972 act, in amending or repealing Ga. L. 1937, p. 322, "as amended," at best would be an attempt to amend or repeal by implication, and such repeals are not favored. *Moore v. Baldwin County,* 209 Ga. 541, 545 (74 SE2d 449); *Mayor &c. of Athens v. Wansley,* 210 Ga. 174 (1) (78 SE2d 478). Such repeal is only effective when the two laws are clearly and indubitably contradictory, or in irreconcilable conflict with each other, which is not the case here. The Constitution of Georgia (Code Ann. § 2-1916) provides that the amending or repealing act shall distinctly describe the law to be amended or repealed. Thus, as the revocation of license for auto theft is contained in the 1966 Act, and not in the 1937 Act, an attempt to amend the Act of 1937 "as amended" does not accomplish the striking down or amending of the Act of 1966.

In order for the employer to prevail in its motion for summary

judgment, inasmuch as it was clearly proven that he turned the automobile over to one who had a criminal record of *larceny of an automobile,* wife beating, and bastardy, it was essential that he show that he was without knowledge of these convictions, because it was shown that otherwise Jackson would not have been employed. It was especially necessary to show he did not know Jackson was a car thief, because that knowledge would carry with it a presumption that Jackson did not have a valid license to drive an automobile (Code Ann. § 92A-404, supra).

The record shows the employer and Jackson both resided in Fulton County and the convictions were in that county. All the employer had to do was to go to the court records, and then he would have learned the truth. It is quite clear that if he looked at the records at all, he did not make a *thorough search* of the police *and criminal court records* because he did not find Jackson's record. The inference arises *that he did not search the records at all.* The employer admits he would not have employed Jackson had he known the truth. Then what kept him from knowing the truth about Jackson?

"Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. *Ignorance of a fact, due to negligence, shall be equivalent to knowledge* in fixing the rights of the parties." (Emphasis supplied.) Code § 37-116. Here the defendant says he went to the records, and he is chargeable with notice of *everything to which such inquiry might have led.* He cannot excuse himself by saying that he did not make a very careful search and through lack of diligence failed to discover the prospective employee was a car thief.

The motion for summary judgment is supported by an affidavit attached thereto made by the secretary-treasurer of defendant corporation. Attention is invited to the very vague and ambiguous language in one of defendant's affidavits respecting the search of the records. In paragraph 4 it is asserted: ". . . Harry White Ford, Inc. caused a search to be made of local police records and also requested and received a credit report from a local credit reporting agency. *Said reports failed to turn up any derogatory information concerning said applicant.*" (Emphasis supplied.) Who made the search of *local police records?* What records were searched? Did the searcher investigate the records of the Criminal Courts of Fulton County, or just those of the "police"? How thorough was the search—how much time was spent in making it? Was the searcher

reliable and trustworthy? Was it made by one who knew how to look up records of the courts in Fulton County? What does he consider to be "derogatory information"?

Of course, vague and ambiguous assertions by one who seeks a summary judgment must be construed most strongly against the movant. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408).

Said paragraph four of the above affidavit asserts that, "Said *reports* failed to turn up any derogatory information concerning said applicant." The only *report* referred to in the paragraph is "a credit report from a local credit reporting agency." Nothing is asserted as to what the *search of the local police records* turned up. This ambiguity must be construed most strongly against movant.

Paragraph 5 of said affidavit recites: "Further, Harry White Ford, Inc. determined *to its satisfaction* that applicant David McKinley Jackson had in effect at the time of such application a valid Georgia driver's license . . ."

What does the above mean? It is not alleged that the employer determined as *truth and fact* that the driver had a valid driver's license, but it determined "to its satisfaction." How did it make this determination? We are left wondering how hard or how easy it was to satisfy the employer, especially when it overlooked three convictions on the records, and would not have hired him if it had found them, and one of them involving a mandatory requirement for revocation of Jackson's driver's license?

Movant had the burden in this case of proving it was entitled to a summary judgment under the strict requirements of the summary judgment law, including the strict construction of vague and ambiguous evidence against movant, under said law.

There was thus a jury issue as to whether the employer had knowledge that Jackson was ineligible for employment at the time he was employed, as a result of which employment he was entrusted with the automobile. A jury issue was made as to whether a careful search, or any search, was made of the various criminal court records in Fulton County where the employer and employee both reside.

I, therefore, respectfully disagree with the majority opinion holding that negligent entrustment has been properly eliminated from this case; but I agree with the majority in holding that whether the employer furnished a mechanically defective automobile to Jackson must be decided by a jury.