## 57970. JOHNSON v. McAFEE et al.

UNDERWOOD, Judge.

Plaintiff, injured when his automobile was struck by an excursion bus owned by the corporate defendant and being operated by its employee McAfee, brought this appeal after a verdict for defendants, his primary contention being that the court erroneously denied his motion for directed verdict as to liability. We find this complaint to be meritorious, and consequently we reverse.

1. We do not find sufficient support in the record for defendants' claim that the motion for directed verdict had been waived or rendered moot, or that plaintiff had acquiesced in or induced any error of the court. Consequently we proceed to a determination of the issue presented.

2. The evidence reveals that the bus, which was a 1950 diesel model equipped with airbrakes, was exiting I-20 on a downhill ramp when the driver, in attempting to brake in anticipation of entering the intersecting street, "didn't get the full result" from the brakes and as a result crashed into plaintiff who was proceeding lawfully on the intersecting street. While defendants contend that the motion for directed verdict was properly denied because a jury question was presented as to whether an emergency in the form of a sudden, unexpected brake failure excused their failure to yield the right-of-way to plaintiff, we entertain a different view.

The evidence demands the finding that the plaintiff was proceeding properly in the exercise of his right-of-way when he was "blindsided" by the bus thus obviating any possible question as to his comparative negligence, avoidance of the consequences of defendants' negligence, etc.; that the insufficient performance of the brakes and resulting failure to yield the right-of-way to plaintiff was the sole proximate cause of the collision; and that plaintiff was cut and otherwise physically injured as a result. Accordingly the operation of the bus in this manner constitutes a violation of Code Ann. §§ 68-1715 (requirements as to brakes) and 68A-403 (a) (failure to yield at yield sign) and prima facie establishes negligence per se in the absence of a valid defense. "It then devolves upon the defendant to produce evidence in his own behalf to satisfy the jury that the operation of the automobile was not a violation of a statute or ordinance because unintentional and not the result of any failure to exercise ordinary care on his part." *Cruse v. Taylor,* 89 Ga. App. 611 (1b) (80 SE2d 704) (1954). Accord, *Griner v. Tuten,* 114 Ga. App. 484 (151 SE2d 835) (1966).

It was admitted by defendant bus driver that the malfunction of the brakes caused the collision, and defendants "thus assumed the burden of proving that it (through its employee) was free from negligence in maintaining them. In discussing former Code § 68-302 relating to the duty of maintaining efficient and serviceable brakes, this court in *Cruse v. Taylor,* 89 Ga. App. 611, 616 (80 SE2d 704), cited with approval the following language contained in Purser v. Thompson, 31 Tenn. App. 619 (219 SW2d 211): 'We think when it appeared from the proof that defendant's brakes were inadequate to control the movements of the car as required by statute the burden passed to defendant to convince the jury that the violation of the statute, if unintentional, was consistent with due care on his part in having the brakes inspected and repaired and that the defect existed at the time of the accident wholly without his fault.' " *Taylor v. Buckhead Glass Co.,* 120 Ga. App. 663, 664 (171 SE2d 779) (1969) (reversed on grounds here inapplicable in *Buckhead Glass Co. v. Taylor,* 226 Ga. 247 (174 SE2d 568) (1970)). Accord, *Atlanta Metallic Casket*

*Co. v. Hollingsworth,* 104 Ga. App. 154 (8) (121 SE2d 388) (1964).

But defendants did not come forward with adequate evidence to meet their burden as the driver only "guessed" the bus had been serviced by a mechanic before he reported for work on this occasion, and there was no evidence as to the type of brake failure that actually occurred and none that the brakes had been operating properly on the excursion or route leading up to this incident. Thus a sudden emergency or accident defense was not raised sufficiently by the evidence, and the court erred in permitting the jury to find that the defendants were excused for failing to grant the right-of-way to plaintiff.

While defendants purport to attack the credibility of plaintiff, a dentist, by countering his claims as to loss of earnings with recitations as to excessive sums he received from the Medicaid program, as well as with allegations that his doctor was a convicted felon, those matters have no bearing on this appeal as plaintiff's credibility is not in issue. Defendants convict themselves as to liability out of the mouth of the driver, as well as out of their failure to summon to the stand others more favorable to their cause, if there were any. Consequently the judgment will be reversed with direction to enter judgment in accordance with the motion for directed verdict (CPA § 50 (e) (Code Ann. § 81A-150 (e)), and for further proceedings not inconsistent with this opinion.

*Judgment reversed with direction. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 13, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED OCTOBER 15, 1979 —

*Joe Salem,* for appellant.
*J. Robert Persons,* for appellees.