A96A2496. CANTRELL et al. v. U-HAUL COMPANY OF GEORGIA, INC. et al.
(482 SE2d 413)

SMITH, Judge.

Perkecia Cantrell and Toby Valdez Lewis Rushin brought this action against U-Haul Company of Georgia and the local U-Haul rental agency from which they rented a truck (collectively "U-Haul"). They alleged negligence and sought damages for injuries they alleged were incurred when the rented truck hit a tree after its brakes failed. The defendants answered, denying any negligence, and moved for summary judgment. The trial court granted the defendants' motion for summary judgment, and Cantrell and Rushin appeal.

Cantrell and Rushin correctly state that a statutory duty exists for the owner of a vehicle to maintain the brakes in good working order. OCGA § 40-8-50 (a); *Lewis v. Harry White Ford,* 129 Ga. App. 318, 319 (2) (199 SE2d 599) (1973). An owner who permits another to operate the vehicle when the owner knows or should know that the brakes are defective is liable for injuries proximately caused by defective brakes. *Lewis,* supra. Cantrell and Rushin contend that U-Haul did know or should have known that the brakes were defective on the truck they rented. The testimony relied upon by plaintiffs in support of this contention consists entirely of their testimony that the brakes did not work properly on the day of the accident; the deposition testi-

mony of the president of U-Haul of Georgia indicating that this truck was involved in an accident in North Carolina in August 1993, approximately seven months before the accident in issue; and evidence showing that no repairs were made to the brakes after that accident or before or after the accident in issue.

"[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991). Because Rushin and Cantrell testified on deposition that the brakes failed, we must also assume for purposes of review that this is true. For purposes of this appeal, U-Haul concedes that the brakes were defective.[1] But even assuming that the brakes failed and caused the accident, Cantrell and Rushin have failed to establish that appellees knew or should have known that the brakes were defective when the truck was rented to them. Because establishment of this fact is an element essential to recovery, we affirm the trial court's grant of summary judgment to appellees. See generally *Lau's Corp.*, supra.

U-Haul produced evidence that the truck was regularly maintained and serviced, and that each time it was inspected before the accident, the brakes appeared to be in working order. No other customers complained about the truck's brakes, either before or after the accident. The last inspection of this truck prior to Rushin's rental was three weeks before the accident. No problems were noted with the truck's brakes at that time or when the truck was inspected after the accident.

Appellants' reliance upon *Kirby v. Spate*, 214 Ga. App. 433 (448 SE2d 7) (1994), is misplaced. In that case, we reversed the trial court's grant of summary judgment because a fact issue remained regarding whether the defendant school bus owner exercised ordinary diligence when no effective regular maintenance program had been established. In this case, it is undisputed that such a program existed at U-Haul, that the program was followed, and that U-Haul had no reason to believe when it rented the truck to Rushin that the brakes were defective.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

---

[1] In fact, the evidence showed they were not. After the accident the truck was driven without incident by Rushin's brother (who drove the truck back to the local U-Haul agency), a local agency employee, and a U-Haul mechanic. Both the U-Haul mechanic who tested the truck and the local agency owner testified that nothing was wrong with the truck's brakes.

DECIDED FEBRUARY 14, 1997 —

*Michael B. King*, for appellants.

*Troutman Sanders, Daniel S. Reinhardt, Lesley G. Carroll*, for appellees.